## Veltri Zoning Case.

Argued October 7, 1946. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Alexander Cooper*, with him *E. A. Keizler*, for appellant.

*John E. Evans, Sr.*, with him *Evans, Evans & Spinelli*, for appellee.

OPINION BY MR. JUSTICE LINN, November 8, 1946:

The Board of Adjustment of the Borough of Munhall refused to grant to Joseph Veltri, the appellant, a certificate of occupancy and compliance for the use of a building at 4004 West Run Road in that borough. The premises are located in the "A" residence zone. When the ordinance became effective, the use to which they were devoted was a non-conforming use "by the then owner as a dairy store in which was sold sandwiches, cold cuts, ice cream, soda water, pop, milk shakes and coffee." Veltri, who purchased the premises October 25, 1945, desired to sell intoxicating liquors as part of what he called his restaurant business. Article IX, section 800 (3) of the Zoning Ordinance provides: "A non-conforming use shall not be changed to a use designated for a district having less restrictive regulations." To obtain leave so to increase the field of operation on the premises, he filed the application which the Board denied. He had obtained a license from the Liquor Control Board but that did not relieve him from complying with the Zoning Ordinance,

On Veltri's appeal to the Court of Common Pleas, evidence was received and the court held that the Board "did not abuse its discretion under the Zoning Ordinance of that Borough, or under the statutes, in refusing to grant to the appellant a certificate of compliance and occupancy as a nonconforming user of premises in an 'A' residential District."

Veltri then appealed from the common pleas to this court where the record is reviewed as on certiorari: *Fleming v. Prospect Park Board,* 318 Pa. 582, 178 A. 813. It appears that during a period of three weeks beginning January 23, 1946, without having complied with the Zoning law, Veltri sold intoxicating liquors on the premises. The effect on the neighborhood was described by witnesses. Their evidence supports the conclusion, reached by the learned court below, of the resulting change in use of the premises. Judge KENNEDY said: "The Board of Adjustment has found as a fact that the appellant's privilege or license to sell intoxicating beverages has changed and extended the theretofore existing non-conforming use of the building which the appellant now owns. This Board has further found that the nonconforming use is not now in a higher classification. At the hearing in this Court there appears to be ample evidence to support these findings."

Order affirmed at appellant's costs.