Triolo et al., Appellants, *v.* Exley et al.

Argued January 17, 1948. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Harry J. Dragonetti*, with him *D. G. Mazzola* and *Joseph Marinelli*, for appellants.

*G. Coe Farrier*, Assistant City Solicitor, with him *Frank F. Truscott*, City Solicitor, for municipal appellees.

*L. Wallace Egan*, for intervenor, appellee.

556

OPINION BY MR. JUSTICE PATTERSON, March 22, 1948:

Epifanio Triolo, Augustine Carosiello, Salvatore Alosi, and Leonardo Cacciabaudo, protestants to an application by Margaret Esposito to the Philadelphia Zoning Board of Adjustment for a certificate of variance permitting her to use premises 838-840 Carpenter Street, Philadelphia, as an abattoir, appeal from the order of the court below sustaining the action of the Board in allowing the variance. Appellants contend that the issuance of the certificate of variance by the Board constituted a clear abuse of discretion and that therefore the court below was in error in dismissing the appeal.

Margaret Esposito became the owner of 838-840 Carpenter Street, Philadelphia, in 1939, at which time the premises were in a district designated by the Philadelphia Zoning Ordinance of 1933 as "A Commercial." In January, 1945, appellee applied to the Board of Adjustment for a permit to use the premises as an abattoir. After a hearing on January 23, 1945, the application was refused for the reason that an abattoir was not permitted in an "A Commercial" district. On December 3, 1945, appellee filed a second application and after hearing, the Board, on December 11, 1945, granted the application and issued a certificate of variance. The matter was remanded to the Board by the Court of Common Pleas for the reason that certain protestants, the present appellants, were not heard. Another hearing was held by the Board on May 7, 1946, at which appellants presented testimony in opposition to granting of the certificate of variance. Thereafter, the Board again issued a certificate of variance. The Court of Common Pleas again reversed the action of the Board for the reason that there had been an improper interpretation of Section 4(4)[1] of the Zoning Ordinance with regard to non-conforming

[1] Section 4(4) of the Philadelphia Zoning Ordinance of August 10, 1933, provides as follows: "A non-conforming use when discontinued may be resumed as the same class of use but cannot be resumed as a non-conforming use of a lower class."

uses. Exceptions to the order were filed by the Board averring failure by the court to determine whether the Board could in circumstances presented, properly exercise the discretionary powers vested in it by Section 8 of the Act of 1929, P. L. 1551, 53 PS, Section 3829, and Section 31(6) of the Zoning Ordinance[2] and issue a certificate of variance. The court *en banc* sustained the exception of the Board and again remanded the proceedings to the Board.

During the pendency of the Board's exceptions before the court *en banc,* City Council, on January 16, 1947, duly reclassified the area involved from "A Commercial" to "Industrial." This reclassification did not change the status of an abattoir as a non-conforming use within the industrial district for an abattoir still remains a permissible use only in a "least restricted area."

The Board, after hearing, issued a certificate of variance on January 28, 1947, for the reason that under all the evidence adduced, granting of the variance would not violate the spirit of the ordinance but would in fact promote it and that denial thereof would result in undue hardship upon appellee. Appeal to the Court of Common Pleas was taken immediately and the hearing judge concluded that under the circumstances it could not be held as a matter of law that the granting of exception "was so arbitrary and in such flagrant disregard of the interests of the community that it represents an abuse of discretionary power." Exceptions thereto were dismissed by the court *en banc.* This appeal followed.

Appellants' assignments of error and statement of questions involved assert an abuse of discretionary

[2] Section 31(6) of the Philadelphia Zoning Ordinance of August 10, 1933, provides as follows: "The said Board of Adjustment may, after public notice and public hearing, subject to appropriate conditions and safeguards, make special exceptions or variances in the terms of this ordinance in harmony with its general purposes and intent, as follows:

"(a) Issue a certificate of variance or permit whenever it is provided in this ordinance that such certificate or permit is required."

power by the administrative official charged with the duty of administering the Zoning Ordinance, i. e., that the granting of the variance permitting an abattoir to be operated in an industrial area was arbirtrary, capricious and a clear violation of law. The scope of appellate review in the instant case is as on certiorari: *Berman v. Exley*, 355 Pa. 415, 50 A. 2d 199; *Veltri Zoning Case*, 355 Pa. 135, 137, 49 A. 2d 369. Only where the record clearly establishes an arbitrary, capricious or unreasonable determination or a clear violation of positive law will appellate courts interfere with the exercise of an administrative duty by officials entrusted therewith: *Floersheim Appeal*, 348 Pa. 98, 100, 34 A. 2d 62. The record in the instant case does not clearly establish such action or a violation of law. In *Ventresca v. Exley (et al., Aplnts.)*, 358 Pa. 98, this Court, in an opinion by Mr. Justice HORACE STERN, held that the grant of a variance depends upon the circumstances in the particular case.

A slaughterhouse had been maintained on the premises in question for a period of approximately 10 years prior to 1915. Around 1918, a fire occurred and from then until the time of the present application, the property has been used as a stable and as a garage, both industrial uses. At the time of purchase in 1939 by appellee the building was still equipped with hooks and rails used in an abattoir. Maps and photographs introduced in evidence reveal that in the immediate neighborhood there are three poultry slaughtering houses, a warehouse, a garage, a butcher store, two produce stores, a fish store, and a bottling company. Steps have been taken by appellee to prevent annoyance to neighbors.

On the foregoing evidence and having regard to the change of classification from "A Commercial" to "Industrial" the Board concluded that the neighborhood was predominately devoted to "Least Restricted" and "Industrial Uses"; that the granting of the application would in no way violate the spirit of the Zoning Ordi-

nance; and that, under the circumstances, an undue hardship would result upon appellee if the permit were not granted. We are in accord with the statement of the trial judge that "Permission to operate a modernly equipped abattoir, under the circumstances, cannot be regarded as an abuse of discretion by the Board."

Conceding the power of the Board of Adjustment to grant a certificate of variance, appellants contend that the initial reversal of the Board's action constituted a holding that the Board acted arbitrarily and capriciously. This contention is without merit. The action of the Board was there based upon the belief that where premises had previously been used in a given manner regardless of the period of time which might have elapsed during which the use was discontinued, Section 4(4) of the Zoning Ordinance, supra, constituted a mandate to permit a resumption of such non-conforming use. In so holding, the Board was not exercising powers conferred upon it by Section 8 of the Act of 1929, supra, and Section 31(6) of the Zoning Ordinance, supra. Whether the Board and the court below were then correct in their conclusions is not now before this Court. The order appealed from, the assignments of error, and the statement of questions involved, present only the issue of a palpable abuse of discretion by the Board in granting the certificate of variance.

Order affirmed. Costs to be paid by appellants.