## Lindquist Appeal.

562

Argued April 13, 1950. Before DREW, C. J., STERN, STEARNE, JONES and BELL, JJ.

*Samuel H. High, Jr.*, with him *High, Swartz, Flynn & Roberts*, for intervenors, appellants.

*David E. Groshens* and *Elvin R. Souder*, for Springfield Township and Board of Adjustment, appellants.

*Thomas B. Moreland Porter, Jr.*, for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, May 22, 1950:

The appellants—intervenors—appeal from the decree of the court of common pleas of Montgomery County setting aside the decision of the Zoning Board of Adjustment of Springfield Township wherein the board refused to grant a variance from the terms and provisions of the Springfield Township Zoning Ordinance of 1940.

The appellee, Adolph Luther Lindquist, is the equitable owner of a lot and building situate on the northeasterly corner of Bethlehem Pike and Haws Lane in Springfield Township. He purchased the property with the intent to install and operate therein bowling alleys. At the time appellee purchased the building it was being used as an automobile sales agency, repair and body and

paint shop. It had previously been used as a knitting mill, packaging plant and auto agency but was vacant for extended periods. The building is a large, well-built brick and hollow tile and cement structure containing approximately seven thousand square feet of usable floor space. Appellants applied to the board for a variance, which was refused.

The township zoning ordinance establishes Business I and Business II districts and outlines permitted uses in each district. The building in question is located in a Business I district. A bowling alley is not expressly authorized therein by way of special exception or otherwise. The use of a bowling alley is specifically authorized by the ordinance in a Business II district if an exception is granted by the Board. Section 1306 (2) of the ordinance prohibits the board from authorizing a use not expressly permitted in the district in which the property is located.

The zoning board in refusing the variance ruled, and the present appellants rely upon such ruling, that it was without authority to grant a *variance;* that the township ordinance vested such power only in the township commissioners; that the limit of the board's power is to pass on *special exceptions* provided for by the ordinance.

This contention earnestly advanced by appellants is in direct conflict with the legislative act authorizing the creation of the Board of Adjustment. The pertinent provisions of the Act of June 24, 1931 P. L. 1206, Article XXXI, Section 3107, as amended, 53 PS 19092-3107, are as follows: "The board of adjustment shall have the following powers: . . . (2) To hear and decide special exceptions to the terms of the ordinance upon which such board is required to pass under such ordinance; (3) To authorize, upon appeal, in specific cases, such variance from the terms of the ordinance as will not be contrary to the public interest, where, owing to special conditions, a literal enforcement of the provisions of the ordinance

will result in unnecessary hardship, and so that the spirit of the ordinance shall be observed and substantial justice done." Appellants seek to nullify the board's power to grant a *variance* under subparagraph (3) and would confine it to power to grant special *exceptions* provided for in subparagraph (2). Such an interpretation would place the ordinance in direct conflict with the Act of Assembly. The board, established pursuant to statute, cannot refuse to perform the functions prescribed therein. The appellants rely on *Jennings' Appeal*, 330 Pa. 154, 198 A. 621; *Devereux Foundation, Inc., Zoning Case*, 351 Pa. 478, 41 A. 2d 744; *Ventresca v. Exley et al.*, 358 Pa. 98, 56 A. 2d 210; *Hasley's Appeal*, 151 Pa. Superior Ct. 192, 30 A. 2d 187, for the proposition that the board may not allow, by variance, a use in a district in which such use is expressly or impliedly prohibited. President Judge KNIGHT correctly analyzed these cases as follows: "What they (the cases) . . . decide is that the board of adjustment has no power to grant a variance unless the conditions specified by the enabling Act and the ordinance, exist, namely; special conditions, unnecessary hardship and etc., and when these conditions do not exist, the only remedy of an applicant for a variance is through legislative action. All of the above cases were decided on the theory that the special conditions did not exist." See also *Elkins Park Improvement Association Zoning Case*, 361 Pa. 322, 64 A. 2d 783.

The board had the duty to consider the "specific case" of the appellee and determine whether "special conditions" warranted the granting of a variance. Appellee was entitled to a judicially exercised discretion on granting or refusing his application. In *Imperial Asphalt Corporation of Pennsylvania Zoning Case*, 359 Pa. 402, 59 A. 2d 121, Mr. Justice LINN stated, p. 405:

"What were the 'grounds of the decision' which moved the zoning authorities? Neither the officer nor the board gave any facts pertinent and material in any inquiry into

possible reasons for the conclusion reached. They should have made from the evidence a statement of facts sufficient to show that a judicially exercised discretion, applied to the facts, justified the action taken; a property owner's constitutional right to the use of his property is not satisfied by arbitrary refusal. Nor is it sufficient merely to say the refusal resulted 'after due consideration.' Enough must be stated to enable the court to see that there was due consideration and a weighing of evidence in its legal relations. It is not sufficient to say, as the board did in its return to common pleas, that the change is prohibited . . ., or that appellant is not entitled to a variance . . ., or that the variance 'would be contrary to the public interest'. . ., or that the board reached 'a correct and just decision'. . ., without something to show on what those legal conclusions are based. It must appear that the constitutional right to the use of property has not been infringed by the zoning regulation: Compare White's Appeal, 85 Pa. Superior Ct. 502; Taylor v. Haverford Twp., 299 Pa. 402, 414, 149 A. 639; Gilfillan's Permit, 291 Pa. 358, 140 A. 136. There should be sufficient discussion to enable the court, on appeal, to see that the officer and board appreciated the legal questions raised by the facts."

It is not necessary herein to review the *merits* of appellee's application for a variance. The board in addition to its clear error in law as outlined above admittedly placed great weight on the fact that "there were too many people who objected." It is clear that a board of adjustment does not properly exercise its discretion if it considers the number of protestants rather than the nature and quality of their objection. Cf. *Eubank v. City of Richmond,* 226 U. S. 137, 33 S. Ct. 76, 57 L. Ed. 156. In *Perelman et al. v. Yeadon Borough Board of Adjustment et al.,* 144 Pa. Superior Ct. 5, 18 A. 2d 438, it was observed that the burden rests upon the petitioner upon appeal to show affirmatively that the board abused its

discretion, as, for example, there was not substantial evidence to support its findings or that its ruling was erroneous as a matter of law. If the board's determination is shown to be arbitrary and contrary to the weight of the evidence, the court is authorized and should make its own ruling: *Gilfillan's Permit*, 291 Pa. 358, 140 A. 136; *Junge's Appeal (No. 1)*, 89 Pa. Superior Ct. 543. The board having erred in its application of law the court below properly considered the matter on the merits. The court below stated: ". . . the Board misinterpreted the law as to their power to grant a variance, and no one can say just what influence the misinterpretation of the law may have had on their decision on the merits." Our review of the court's findings is to determine whether the record is free from mistake of law: See *Veltri Zoning Case*, 355 Pa. 135, 49 A. 2d 369; *Triolo et al. v. Exley et al.*, 358 Pa. 555, 57 A. 2d 878; *Imperial Asphalt Corporation of Pennsylvania Zoning Case*, 359 Pa. 402, 405, 59 A. 2d 121. As there was substantial evidence in support of the lower court's determination we will not disturb its findings: *Berberian Zoning Appeal*, 351 Pa. 475, 478, 41 A. 2d 670.

The order of the court below is affirmed; costs to be paid by appellants.