## Dooling's Windy Hill, Inc., v. Springfield Township Zoning Board of Adjustment, Appellant.

Argued April 22, 1952. Before DREW, C. J., STERN, STEARNE, JONES, BELL, CHIDSEY and MUSMANNO, JJ.

*Edward F. Hitchcock* and *A. Sidney Johnson, Jr.,* with them *Edward H. Bryant, Jr., Clarence G. Myers, Read Rocap, Jr., Lutz, Fronefield, Warner & Bryant, Duane, Morris & Heckscher, Rocap & Rocap,* and *Butler, Beatty, Greer & Johnson,* for appellants.

*C. William Kraft, Jr.,* with him *Joseph C. Henry* and *Dilworth, Paxson, Kalish & Green,* for appellee.

OPINION BY MR. JUSTICE JONES, June 24, 1952:

The plaintiff company, a Pennsylvania corporation, is the lessee and occupant of certain property situated along the Baltimore Pike (U. S. Route 1) in Springfield Township (a township of the first class) in Delaware County. The chief improvement on the demised premises is a large stone and frame building which sits back more than a hundred feet from Baltimore Pike. It contains a large dining room, two smaller dining rooms, an office, a bathroom, a pantry, a dishwashing kitchen and a cooking kitchen on the first or main floor, six bedrooms and two baths on the second floor, and six bedrooms and a bath on the ground floor.

Under the zoning ordinance of the township the property is located in "E Business District" in which certain specified business uses are permitted. The ordinance also contains a provision authorizing the use of a building or premises in a business district "for any of the following purposes [listed under fourteen categories] when authorized as a special exception by the Board of Adjustment . . . ." Among the possible uses, by special exception, is a "hotel, boarding house or restaurant". The ordinance does not, however, prescribe any rules or standards in accordance with which a special exception may be made.

Upon the plaintiff's application in 1949, the Board of Adjustment of the township granted a special exception permitting the plaintiff's use of the leased property for a restaurant business which it thereafter conducted. Later in the year, the plaintiff applied to the Board of Adjustment for a *special exception* permitting it to use the property as a hotel or guest house in connection with the restaurant. The application was opposed by a number of protestants. In the case of some of them, according to a finding of the Board, "the sale of liquor on the premises [if used as

a hotel] was their sole objection" to the application for a change in use. After a hearing on the application, the Board refused it, largely for the reason that if the premises were used as a hotel, liquor would be sold there. The applicant appealed from the Board's order to the Court of Common Pleas pursuant to Section 3107 of The First Class Township Law of June 24, 1931, P. L. 1206, as amended, 53 PS §19092-3107 Pkt. Part. The court, as authorized by the Act, took further testimony and, in due course, filed an adjudication containing findings of fact and conclusions of law and entered a decree nisi reversing the order of the Board of Adjustment and directing the Board to authorize a *variance* permitting the plaintiff to use the demised premises as a hotel. Upon exceptions by the Board of Adjustment and several of the protestants, the court en banc filed an opinion sustaining the action of the learned hearing judge and entered the decree nisi as a final decree. The matter is now before us on the separate appeals of the Township of Springfield and several of the protestants.

As already appears, the applicant invoked the Board's power to grant a special exception, which was refused, while the court below, being of the opinion that the absence of prescribed conditions in the ordinance did not warrant the granting of a special exception, held that the evidence did justify the grant of a variance. The distinction between a special exception and a variance was recognized and clearly defined in *Devereux Foundation, Inc., Zoning Case,* 351 Pa. 478, 483, 41 A. 2d 744, where Mr. Justice STERN said, "An 'exception' in a zoning ordinance is one allowable where facts and conditions detailed in the ordinance, as those upon which an exception may be permitted, are found to exist. But zoning ordinances usually provide, as does the present one, for another kind of dispensation, also permitted by the statute, by which a 'variance'

from the terms of the ordinance may be authorized in cases where a literal enforcement of its provisions would result in unnecessary hardship."

It was also pointed out in the *Devereux* case that "The Act of July 1, 1937, P. L. 2624, which authorizes townships of the second class to adopt and enforce zoning ordinances, provides in Section 7 that the board of township supervisors may appoint a board of adjustment and may provide that 'said board of adjustment may in appropriate cases, and subject to appropriate conditions and safeguards, make special exceptions to the terms of the ordinance in harmony with its general purpose and intent and in accordance with the general or specific rules therein contained.' As far as the terms of the Easttown Township ordinance appear in the record there are no rules therein contained in accordance with which special exceptions may be made." What was thus said in the *Devereux* case with respect to the Act enabling the township to zone and the omissions from the zoning ordinance there involved is equally true here. The learned court below faithfully followed the reasoning of the opinion for this court in the *Devereux* case and held that the Board had properly refused to grant a special exception as a search of the ordinance revealed no "appropriate conditions and safeguards" to control the Board's exercise of its discretion as required by Section 3107 of The First Class Township Law of 1931. With that, we fully agree. Consequently, no question of a special exception is here involved.

That brings us to a consideration of whether the court below erred in directing that the plaintiff corporation be granted a variance permitting it to operate the demised property as a hotel. On appeal from a court of common pleas in a zoning matter. "The case is here as on certiorari: Veltri Zoning Case, 355 Pa. 135, 137; 49 A. 2d 369. We examine the record to see

whether the proceeding is free from mistake of law": *Imperial Asphalt Corporation Zoning Case*, 359 Pa. 402, 405, 59 A. 2d 121. See also *Lindquist Appeal*, 364 Pa. 561, 566, 73 A. 2d 378.

The legal requisites to the authorization of a variance from the terms of a zoning ordinance, as both the enabling Act and the ordinance in the instant case provide, are (1) that it be not contrary to the public interest and (2) that, owing to special conditions, a literal enforcement of the provisions of the ordinance would result in unnecessary hardship. The authority to grant a variance is, of course, not an arbitrary one, but it may properly be authorized "where the hardship is unnecessary and the interests of the owners and occupants of the neighboring properties are protected." See *Ventresca v. Exley*, 358 Pa. 98, 100, 56 A. 2d 210, and cases there cited.

The findings of fact made by the hearing judge, which, on exceptions thereto, were confirmed by the court en banc, amply fulfill the requirements for the grant of a variance. So far as the public interest is concerned, the use of the property as a hotel will in no way change the character of the neighborhood. The hearing judge succinctly summarized certain of his specific findings as follows: "The premises in question are situated in a business district as defined by the ordinance. More to the point, perhaps, the neighborhood is distinctly commercial in character, and the trend is toward increasing commercialization." It is unnecessary here to refer to the evidence in detail. It fully supports the foregoing summary. A further finding discloses that "The premises had actually been used for these purposes [restaurant and hotel or guest house] in the past, although the most recent special exception covering the premises was granted by the board of adjustment on July 8, 1949, upon application of James F. X. Dooling, former lessee of the prem-

ises, and restricted its use to the operation of a restaurant." With the requirement respecting the public interest as stated in the *Devereux* case, supra, expressly in mind, the court below justifiably concluded that "the variance requested would not be contrary to the public interest." Indeed, the objection to a variance in this case because of alleged disservice to the public interest was for the most part based on the ground that, if the premises were used as a hotel, liquor would be sold there for which the appellant already holds a license from the Pennsylvania Liquor Control Board. Such reason has no relevancy whatsoever on a question of compliance with the requirements of zoning regulations: *Sawdey Liquor License Case*, 369 Pa. 19, 25-26, 85 A. 2d 28.

The hardship to the plaintiff, if it were prevented from using the premises as a hotel, was satisfactorily established. As the hearing judge found on substantial evidence and the court en banc confirmed, "The building on the demised premises, with the parking facilities adjacent thereto, are suitable and adequate to operate therein a restaurant and hotel." And, further, the plaintiff "has been operating its restaurant at a loss." From the character of the large building on the premises, as already described, it is evident that full utilization of the property in a commercial district is restricted to some such use as a hotel or guest house for which it had been used at some time in the past. The hardship to the plaintiff, if limited to the use of the property as a restaurant only, is plainly evident. That the hardship is unnecessary is equally evident when the distinctly commercial character of the neighborhood is borne in mind.

The appellants' principal contention is that the proposed use of the property as a hotel was not before the Board of Adjustment "upon appeal" and that, consequently, a variance permitting such use is not pro-

cedurally allowable. What the scope of the Board's power may have been, upon the application for a special exception for the granting of which neither rules nor standards were prescribed, we need not now consider or decide. The fact is that the Board refused the application for a change of use and took no affirmative action whatsoever. The matter was then removed to the court below by the lessee's appeal pursuant to Section 3107 of The First Class Township Law, cit. supra. No procedural restriction, such as the appellants presently urge, impinges upon the jurisdiction of a court of common pleas on an appeal from an order of a board of adjustment. In such situation, the court is authorized by the statute (Sec. 3107) to "reverse or affirm, in whole or in part," the action of the board as, to the court, "may appear just and proper." In short, it is the province of a court of common pleas, upon an appeal from an order of a board of adjustment, to consider and dispose of the matter on the merits: *Lindquist Appeal,* supra. That is what the learned court below did in the present instance and no mistake of law in the proceeding before it is apparent.

Order affirmed; each party to pay its own costs.