## Kerr Appeal

*Greenwell & Porter*, for appellants.

*Edward H. P. Fronefield*, for appellee.

SWENEY, P. J., December 12, 1956.—This is an appeal from the refusal of the Board of Adjustment of the Township of Radnor to grant a special exception to George P. Kerr and Mamie Kerr, his wife. In response to the writ of certiorari on February 6, 1956, the board of adjustment filed its record. Additional testimony was heard by the writer hereof on March 14, 1956. The case is now before us on briefs, after oral argument before the court en banc.

From the record, we make the following findings of fact:

Appellants, George Kerr, and Mamie Kerr, are husband and wife, residing at 234 Williams Road, Rosemont, Township of Radnor, Delaware County; the intervenor, Township of Radnor, is a municipal corporation in the County of Delaware; appellants are the owners of the home where they reside, the property being in an R-6 residential district under

the Radnor Township Zoning Ordinance of 1928, as amended, and consisting of a lot and semidetached, two-story dwelling; the existing lot has a frontage of approximately 29 feet on the westerly side of Williams Road and a depth of approximately 85 feet to an alleyway in the rear of said premises. The side yard of said premises is approximately 10½ feet in width and the distance between the Kerr premises and the adjoining premises to the west is approximately 20 to 21 feet. The area of appellant's lot is approximately 2,465 square feet.

Since March 6, 1950, appellants have maintained two dogs on their premises as permitted by the Radnor Township Zoning Ordinance of 1928, as amended; on June 5, 1955, the aforesaid dogs produced eight offspring, two of which appellants have maintained on their premises in addition to the aforesaid dogs, in violation of the Radnor Township Zoning Ordinance of 1928, as amended, from that date until the present time, with the exception of a period of approximately four months in the summer of 1956.

Section 301(2) of article III of the Radnor Township Zoning Ordinance of 1928, as amended, applicable to this premises, reads as follows:

"Section 301. USE REGULATIONS. A building may be erected or used and a lot may be used or occupied, for any of the following purposes, and no other:

"2. Agricultural use, nursery, green house, or the keeping or raising of livestock and poultry, when authorized as a special exception by the board of adjustment; provided, however, that this shall not be construed to prevent the use of a lot or premises for a private family garden, and that this shall not prevent the keeping of not more than two dogs and two cats and one horse."

During the month of October 1955 appellants fenced a dirt area to the rear and side of their home,

enclosing approximately 594 square feet with a fence approximately four feet high; the fence has failed to keep the dogs confined to the yard of appellants, as they have been seen at large and have jumped the fence, deposited debris in neighbors' gardens and have molested children and adults; the keeping of the two additional dogs in such a confined area has resulted in increased odor; although husband appellant has testified that he cleans the area daily and turns the dirt, he or his wife have never been observed turning or spading the dirt and husband appellant admits that he and his wife are cardiac patients, and that the dogs are a strain on his wife's health; the keeping of the two additional dogs has resulted in increased barking, during the day and all hours of the night, and the dogs have been observed running at large in the area at all hours, upsetting garbage cans and have been seen in the enclosure at all hours of the day.

The present case began when appellants were advised of their violation of the Radnor Township Zoning Ordinance by keeping more than two dogs on their premises. Appellants engaged counsel and an application for a special exception was presented to the board of adjustment. After hearing, the board entered its opinion and findings, refusing the application. The elements that contributed to the board's decision were largely that this is a congested area, that the increased odors attendant in keeping extra dogs in such a confined area would be detrimental, that the noise increased from the concerted barking of four dogs and that there had been destruction of property, molestation of children and adults, due to appellants inability to keep the dogs confined.

The board summed up its opinion by stating "the ordinance permits the keeping of two dogs per family, and with yards as small as these, this would appear to be adequate. To increase this number to where four

dogs would be permitted to be kept in an area as small as this would, in the board's opinion, be too congested and would be detrimental to the general health and welfare of the community".

The board of adjustment in the present case is a properly constituted official body, which has acted after considering all the facts and circumstances of the case before it and has denied the application made for a special exception, in harmony with the general purpose and intent of the zoning ordinance. In such a case the courts should not reverse the decision of the board, except where there is a manifest and flagrant abuse of discretion: Lindquist Appeal, 364 Pa. 561; Borden's Appeal, 369 Pa. 517; Michener Appeal, 382 Pa. 401. We cannot find that the board abused its discretion.

### Decree Nisi

And now, December 12, 1956, it is ordered and decreed that the appeal of George P. Kerr and Mamie Kerr from a decision of the Board of Adjustment of the Township of Radnor is hereby dismissed with the costs to be paid by appellant.

The prothonotary of Delaware County is directed to give notice to all parties hereto or their counsel of record of the filing of this order and, unless exceptions are filed thereto within 20 days after receipt of such notice, the decree nisi shall be entered as the final decree in this case.

### Opinion Sur Exceptions

SWENEY, P. J., April 8, 1957.—George P. Kerr and Mamie Kerr, his wife, appellants in this case, have filed an exception to the decree nisi in this matter and have submitted briefs and argued the same before the court en banc.

This case was fully discussed by the hearing judge in his original opinion and we do not feel that anything is to be gained by further argument. We feel that

the part of the zoning ordinance which provides that not more than two dogs may be kept by appellants on their property is reasonable and that the board of adjustment did not abuse its discretion in refusing appellants' request to be allowed to keep two additional dogs.

As a consequences, we enter the following

*Final Decree*

And now, April 8, 1957, it is ordered and decreed that the exceptions herein filed by George P. Kerr and Mamie Kerr, his wife, to the decree nisi be, and the same are, hereby dismissed; that the appeal of George P. Kerr and Mamie Kerr, his wife, from the decision of the Board of Adjustment of the Township of Radnor is hereby dismissed with the costs to be paid by appellants.