Richman, Appellant, *v.* Zoning Board of Adjustment.

Argued November 12, 1957. Before JONES, C. J., BELL, CHIDSEY, MUSMANNO, ARNOLD, JONES and COHEN, JJ.

*Jacob S. Richman*, with him *Richman & Richman*, for appellant.

*Matthew W. Bullock, Jr.*, Assistant City Solicitor, with him *Robert E. Scullin* Assistant City Solicitor, *James L. Stern*, Deputy City Solicitor, and *David Berger*, City Solicitor, for zoning board of adjustment, appellee.

*Gordon W. Gabell*, with him *Saul, Ewing, Remick & Saul*, for intervening party defendant, appellee.

OPINION BY MR. JUSTICE BENJAMIN R. JONES, January 6, 1958:

We are called upon to determine the validity of an order of Common Pleas Court No. 4 of Philadelphia affirming a decision of the appellee Philadelphia Zoning Board of Adjustment (hereinafter called Zoning Board) which granted a use variance to appellee, Sait-

to Company, permitting it to use the first floor of a property located at 1809-1811 Spruce Street, Philadelphia—an "F" residential district—as an interior decorator's office.[1] This property—owned by Sirdav Realty Company and leased to appellee Saitto—consists of two four-story row buildings, the upper three stories of which are used for residential purposes. The first story was used as a dentist's office up until 1936, then as a doctor's office, and, since February 1956, appellee Saitto has used it as an interior decorator's office.

The area may be termed "residential-professional". The buildings in the block are three or four story, the upper stories being used for residential purposes and approximately fifty per cent of the first stories being used as professional offices. At the northwest and northeast corners of the block, respectively, are a one-story delicatessen store and a multi-story medical building and drug store. At the southeast and southwest corners of the block are a multi-storied apartment house and a church. In the 1700 and 1900 blocks of Spruce Street the buildings have both a commercial and/or office usage.

Appellee Saitto leased the instant premises on February 1, 1956. The written lease, providing for a monthly rental of $125.00, is for a five-year term and contains a clause expressly stating that the lessor does not warrant that lessee will be able to obtain a zoning permit for the proposed use and that, even though a permit cannot be obtained, the lease will not be terminated. Appellee Saitto spent approximately $1300-$1400 making repairs on the premises; on the outside

---

[1] The proposed use is for consultation only. Merchandise will be neither displayed nor offered for sale, no stock will be kept on the premises and no fabrication or cutting of materials will take place. The proposed use is as an office to be occupied by three persons—Mr. Saitto, his son and a secretary.

of the building is a sign reading "The Saitto Co., Interior Design, Antiques, Furniture".[2]

Appellee Saitto applied for a permit to use the premises as an interior decorator's office but its application was refused.

On appeal to the Zoning Board where a use variance was requested, the Zoning Board, after a hearing, granted "a permit for Use of the premises for an eight-family dwelling and 'A Decorator's Office for Consultation only and Flush Wall Sign not to exceed 100 sq. in.'" Appellant, representing himself and other property owners on Spruce Street, appealed to the Court of Common Pleas of Philadelphia County. *After taking additional testimony,* the Court below affirmed the Zoning Board's decision on the ground that the Board had not committed any abuse of its discretion. From that decree this appeal was taken.

*Even though additional testimony was taken,* the Court below considered that the question before it was whether or not the Zoning Board had committed an abuse of its discretion. With that position we cannot agree. Having taken additional testimony it was the court's duty to determine the case on its merits rather than on the issue whether the Board had committed a manifest abuse of discretion: *Garbev Zoning Case,* 385 Pa. 328, 335, 122 A. 2d 682; *Volpe Appeal,* 384 Pa. 374, 121 A. 2d 97. On our review, since additional testimony was taken before the court, the test is not whether the Board, but whether the court, abused its discretion: *Archbishop O'Hara's Appeal,* 389 Pa. 35, 51, 131 A. 2d 587; *Volpe Appeal,* supra, p. 379.

Although the court should have decided this matter de novo we will consider this appeal as though the

---

[2] Appellee · Saitto indicated its willingness to have simply a small sign with the company name on it with the added words "Interior Designers".

court, on the basis of *all* the testimony, based its decision on what appeared just and proper under the evidence and applicable principles of law.

Appellant first questions the status of a tenant to apply for a use variance, especially where the property owner does not join in the application.[3] The statute provides that an appeal to the Zoning Board may be taken by "any person aggrieved" and that an appeal to the Court of Common Pleas may be taken by "any person or persons jointly or severally aggrieved" by the Board's action. (Act of May 6, 1929, P. L. 1551, §8, 53 PS §14759). Although appellant points to the language of §29(3) of the Philadelphia Zoning Ordinance of August 10, 1933, which requires that an application for a zoning permit and use registration permit shall be made in writing upon certain forms and that such forms "shall be filled in by the owner or authorized agent", yet the present Zoning Code of Philadelphia, §14-1801, provides that no permit shall issue unless "(a) The applicant or his authorized agent files a plan . . .". By this change in the language of the ordinance and the significant omission of the word "owner" in the code, the legislative intent is clear that an applicant need not be the owner of the premises. We are of the opinion that a tenant occupies a status which permits him to apply for a use variance. His interest is such that, whether considered as the owner's agent or in his own right, he may be seriously aggrieved and affected by any action taken by a zoning officer in connection with the premises which he oc-

---

[3] Subsequent to the appeal to this Court Sirdav Realty Co., the owner, petitioned for leave to intervene or join the tenant as an appellee. In the petition to intervene it was averred that the tenant was, in fact, the owner's agent for the purpose of applying for a variance.

cupies under a lease.[4] Appellant's objection in this respect is meritless.

What appellee Saitto sought and that which was granted was a variance—termed by former Chief Justice STERN a "kind of dispensation, also permitted by the [zoning statute]".[5] A variance is a departure from the letter, but not the spirit, of the zoning statute. It is not to be considered that a rezoning may be accomplished under the guise of the grant of a variance.[6]

The sole justification for the grant of a variance is that a strict application of the terms of the zoning statute will result in an "unnecessary hardship", and, even then, the variance can be granted only if "the spirit of the ordinance shall be observed; the public health; the public safety; and the general welfare secured; and substantial justice done".[7] He who seeks a variance has the burden of proving justification for its grant.[8] The "hardship" which must be proven must be

[4] We have previously recognized the right of an equitable owner of land to apply for a variance: *Silverco, Inc. v. Zoning Board of Adjustment*, 379 Pa. 497, 109 A. 2d 147; *Elkins Park Improvement Association Zoning Case*, 361 Pa. 322, 64 A. 2d 783.

[5] *Devereux Foundation, Inc., Zoning Case*, 351 Pa. 478, 493, 41 A. 2d 744.

[6] *Catholic Cemeteries Association of the Diocese of Pittsburgh Zoning Case*, 379 Pa. 516, 520, 521, 109 A. 2d 537; *Lukens v. Ridley Township Zoning Board of Adjustment*, 367 Pa. 608, 613, 614, 80 A. 2d 765.

[7] *Junge's Appeal (No. 1)*, 89 Pa. Superior Ct. 543, 546; *Mack Zoning Appeal*, 384 Pa. 586, 589, 122 A. 2d 48; *Peirce Appeal*, 384 Pa. 100, 106, 119 A. 2d 506; *Silverco, Inc. v. Zoning Board of Adjustment*, supra, pp. 503, 504; *Dooling's Windy Hill, Inc. v. Springfield Township Zoning Board of Adjustment*, 371 Pa. 290, 295, 89 A. 2d 505; *Elkins Park Improvement Association Zoning Case*, supra, p. 326; *Crawford Zoning Case*, 358 Pa. 636, 641, 57 A. 2d 862.

[8] *Baronoff v. Zoning Board of Adjustment*, 385 Pa. 110, 115, 122 A. 2d 65; *Volpe Appeal*, supra, p. 378.

an "unnecessary", not a "mere" hardship,[9] as well as "unique or peculiar to [the property involved] as distinguished from the impact of the zoning regulations on the entire district".[10] The fact that an increase or decrease in value will result from the grant or refusal of a variance will not, standing alone, constitute a sufficient hardship.[11]

On an appeal from the grant or refusal of a variance we examine the record only to ascertain whether the action taken was clearly arbitrary, capricious or unreasonable or in clear violation of positive law.[12] The grant of a variance depends on the circumstances of each particular case and evidence of the grant of similar variances in similarly zoned areas is not admissible.[13]

In examining this record we bear in mind that which the late Mr. Justice LINN stated in *Imperial Asphalt Corporation of Pennsylvania Zoning Case*, 359 Pa. 402, 405, 406, 59 A. 2d 121: "What were the 'grounds of the decision' which moved the zoning authorities? Neither the officer nor the board gave any facts pertinent and material in any inquiry into possible reasons for the conclusion reached. They should have made from the evidence a statement of facts suf-

---

[9] *Devereux Foundation, Inc., Zoning Case*, supra, p. 484; *Volpe Appeal*, supra, p. 378; *Ventresca v. Exley (et al.)*, 358 Pa. 98, 100, 56 A. 2d 210; *Jennings' Appeal*, 330 Pa. 154, 160, 198 A. 621; *Valicenti's Appeal*, 298 Pa. 276, 283, 148 A. 308; *Kerr's Appeal*, 294 Pa. 246, 253, 144 A. 81.

[10] *Michener Appeal*, 382 Pa. 401, 406, 407, 115 A. 2d 367.

[11] *Pincus v. Power*, 376 Pa. 175, 181, 101 A. 2d 914; *Mutual Supply Company Appeal*, 366 Pa. 424, 428, 77 A. 2d 612; *Reininger Zoning Case*, 362 Pa. 116, 118, 66 A. 2d 225.

[12] *Garbev Zoning Case*, supra, p. 335; *Triolo et al. v. Exley et al.*, 358 Pa. 555, 558, 57 A. 2d 878.

[13] *Reininger Zoning Case*, supra; *Ventresca v. Exley (et al.)*, supra.

ficient to show that a judicially exercised discretion, applied to the facts, justified the action taken; a property owner's constitutional right to the use of his property is not satisfied by arbitrary refusal. Nor is it sufficient merely to say the refusal resulted 'after due consideration'. Enough must be stated to enable the court to see that there was due consideration and a weighing of evidence in its legal relations. It is not sufficient to say, as the board did in its return to common pleas, that the change is prohibited . . ., or that appellant is not entitled to a variance . . ., or that the variance 'would be contrary to the public interest' . . ., or that the board reached 'a correct and just decision' . . .,without something to show on what those legal conclusions are based. It must appear that the constitutional right to the use of property has not been infringed by the zoning regulation: . . . [citing cases]. There should be sufficient discussion to enable the court, on appeal, to see that the officer and board appreciated the legal questions raised by the facts".[14]

Wherein has appellee Saitto proven the existence of an "unnecessary hardship"? The evidence before the Board simply indicated that the premises had been used as a dentist's office up to 1936 and, subsequent thereto and until appellee's occupancy, as a doctor's office, that 50% of the buildings in this block housed professional offices and that a zoning permit was granted in 1936 for a doctor's office. *There was no evidence before the Board, whatsoever, of any hardship, either to the tenant or the owner, unique or peculiar to this property.* Significantly, the Board, although it concluded as a matter of law that a denial of the variance "would cause an unnecessary hardship and would place an unreasonable restriction on his use

---

[14] See also: *Lindquist Appeal*, 364 Pa. 561, 564, 565.

of these properties", made no finding of fact as to unnecessary hardship.[15]

The additional testimony taken before the court may be summarized as follows: appellee, lessee under a 5 year lease expiring January 1, 1961, has spent approximately $1300-$1400 in repairs and renovations on the premises; Mr. Saitto, a heart victim, spends one or two nights each week sleeping on the premises rather than travel to his home in Moylan, Rose Valley; the premises will simply be for consultation and no other purpose; the only inconvenience which Mr. Saitto would suffer in moving into an office building would be that it would cost him money to stay overnight in a hotel twice a week; Mr. Saitto did not know when he signed the lease that under its terms, in the event a permit under the zoning ordinance could not be obtained, the lease would remain in full force and effect and he would be bound to pay the rent for the balance of the term.

The court concluded that a denial of the variance would constitute unnecessary hardship on three grounds: (1) that Mr. Saitto, because of his heart condition, must sleep on the premises one or two nights each week; (2) that appellee has a long term lease and has spent $1300-$1400 in making repairs; (3) that unnecessary hardship "*might*" be caused to the owner.

These grounds, separately or taken together, do not spell out the "unnecessary hardship" required to grant a variance under our decisions. In the first place, the inconvenience to Mr. Saitto in having to take a room at a hotel once or twice a week would be slight. In the second place, when the appellee signed this lease he was put on notice of the risk that he might not se-

---

[15] Cf: *Imperial Asphalt Corporation of Pennsylvania Zoning Case*, supra, and the Board's determination in this case.

cure a zoning permit and, when he spent money in renovation of the premises, he knew or should have known that he might not secure a permit for the proposed use; he entered upon this lease knowing or having reason to know that, if he did not obtain a zoning permit, he was bound to pay the balance of rent for the term and would lose any money expended in renovation of the premises. In the third place, the court did not find the existence of, but only that there *"might"* be "unnecessary hardship" to the owner. The *possibility or probability of undue hardship* is not a sufficient ground for the grant of a variance. The court below evidently was under the impression that the owner was a party in interest (even though he had not intervened or taken any steps to join with the appellee, his tenant, in these proceedings) who *might* be harmed. The harm which the court *"inferred that the Board thought would cause unnecessary hardship"* was that the long established use of the premises as a professional office would be prohibited and the owner required to make the premises into a dwelling. Such a finding was clearly and unequivocally erroneous: (1) it found "unnecessary hardship" to one not a party to the proceedings; (2) it arrived at an inference of what the Board "thought" on evidence which never was presented to the board, i.e. the requirement that the owner would have to make the premises into a dwelling instead of a doctor's office as it had been used up until appellee's tenancy and the cost thereof.

Great reliance is placed by appellee on. *O'Neill v. Philadelphia Zoning Board of Adjustment,* 384 Pa. 379, 120 A. 2d 901. In that case an application was made for a variance to permit the use of property in an "F" Residential district as a ballet school in which, although the permissible uses were limited essentially to single and multiple family dwellings, "hotels, police

and fire stations and telephone exchange buildings" were included. In granting a variance, in addition to a finding that the proposed use was less obnoxious than the former use of the premises as a garage and that it would in no way affect the peace and quiet of the neighborhood, the Board also found that the property could not easily be converted into a residence. In reversing the court which had, in turn, reversed the Board's grant of a variance, this Court found that an unnecessary hardship existed in the "required conversion of the premises in question from a nonconforming to a conforming use at very substantial cost, claimed by the appellants to be financially impracticable". That case is clearly inapposite to the instant situation where appellees have failed to prove any unnecessary hardship to the owner whatsoever and nothing except a mere hardship, at best, to the tenant, and where there is no evidence that this property will have to be reconstructed to become a conforming use. On the contrary, there appears no reason of record why these premises could not be used as a doctor's office as they had been used over a number of years prior to appellee Saitto's occupancy.

An examination of this record leads to but one conclusion: that appellees have failed to prove any hardship, substantial, serious or compelling in nature, so as to justify the grant of a variance. Even though we consider, arguendo, that the proposed use will not downgrade this neighborhood and that there was a sufficiency of evidence to justify such a finding, yet unnecessary hardship must arise from and be justified by the evidence. In the instant situation the conclusion reached by the court in this respect was not justified by the evidence of record.

Order reversed. Costs to be paid by Saitto Co.