Kubia Appeal.

Argued March 23, 1959. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and McBRIDE, JJ.

110

*Earl J. Schermerhorn,* with him *Smith & Schermerhorn,* for appellant.

*Genevieve W. Settino,* Borough Solicitor, for appellee.

Opinion by Mr. Justice Cohen, May 28, 1959:

This appeal results from the refusal to grant applicant a building permit to erect a lumber yard and tin shop for heating installations in the Borough of Ambridge in an area zoned "commercial." The applicant entered into an agreement to purchase the land so that his equitable interest therein provided his status to ask for the permit. See *Richman v. Zoning Board of Adjustment,* 391 Pa. 254, 137 A. 2d 280 (1958). The applicant was fully aware of the classification of the land at the time of the execution of the agreement, which was executed seven months after the enactment of the Ambridge Zoning Ordinance of 1955. By the terms of the ordinance, the use sought to be obtained was permissive in a zone denominated "industrial" but was not so in a "commercial" zone.

Applicant's argument is that the ordinance is arbitrary, capricious, unreasonable and not in accord with law in formulating the commercial and industrial classifications as they pertain to lumber yards and tin shops, especially when reference is made to the history and industrial nature of the borough.

The Ambridge Zoning Ordinance of 1955 provides for a variety of uses in Section 501 for a "commercial"

area as follows: "A building may be erected, altered or used, and a lot or premises may be used for any of the following purposes, and for no other: . . . 2. Sale and storage of goods at retail and wholesale including personal service shops. . . . 7. Public garage, motor vehicle sales, service or repair shops, gasoline service stations and motor vehicle parking lots. . . . 9. Hand laundry, machine laundry, dry cleaning or dyeing plant. 10. Carpenter, cabinet making, furniture or upholstery shop. . . ."

Section 601 relates to manufacturing and industrial districts and provides for the following uses: ". . . 5. Wholesale, retail and warehouse facilities including *lumber yards, building material and supply yards* or other similar products." (Emphasis supplied).

Zoning classifications are not to be considered in a vacuum but are important elements to the overall scheme of a particular zoned area. Zoning classifications are largely within the discretion of the appropriate legislative body and courts are loathe to interfere with their judgment except in those situations where the classification bears little or no relation to public health, safety, morals or general welfare. *Gratton v. Conte*, 364 Pa. 578, 73 A. 2d 381 (1950).

A review of the zoning scheme adopted by the Borough of Ambridge discloses permitted uses in the "commercial" classification which pertain to uses allied with consumer services found on the periphery or in close proximity to residential districts. This is in contradistinction to those uses permitted in the "industrial" classification which pertain to services which are not ordinarily associated with direct consumer comfort. Moreover, the history of this particular zoned area discloses a "commercial" redevelopment in an area which previously was used for "industrial" purposes, as the terms "commercial" and "industrial" are

defined in the ordinance. The properties that were used for industrial purposes were either abandoned or became nonconforming uses when the ordinance was promulgated. At that time, the appropriate legislative body, taking cognizance of the many economic and social adjustments, established zoning classifications which they thought would most appropriately conform with the conditions present in the borough. Certainly the legislative authority ought only to have recognized the changes as they existed at the time the ordinance was enacted. To have recognized previously existing conditions would have resulted in a zoning scheme not truly reflective of the borough's changes. We cannot now say that the legislative body indulged in the formulation of an arbitrary or unreasonable classification in view of the present nature of the borough nor can we re-zone or spot zone the parcel of land for industrial purposes, as appellants urge. That is a matter peculiarly within the province of legislative determination.

The action of the lower court in affirming the refusal of the building permit to applicant was proper for the "commercial" area in question and the order is, accordingly, affirmed.

Order affirmed.