## Abernethy Appeal

*I. S. Rubin,* for appellants.

*J. Willard Schoelkopf,* for zoning board of adjustment.

HONEYMAN, J., June 26, 1962.—Appellants, Fred B. Abernethy and Margaret A. Abernethy, are the owners of a 47 acre tract of farm land, most of which is situate in Upper Salford Township. On this land appellants keep 50 head of swine which are fed corn one day each week, macaroni three days each week and

garbage three days each week. The garbage is collected in the Borough of Lansdale, taken to appellants' farm in Blue Bell, Pennsylvania, where it is cooked and sterilized in accordance with the health requirements of the Commonwealth of Pennsylvania; it is then trucked to appellants' farm in Upper Salford where it is fed to the swine on a feeding platform approved and licensed by the Pennsylvania Department of Agriculture, Bureau of Animal Industry.

On November 6, 1962, the zoning officer of Upper Salford Township issued a "Cease and Desist Order". Appellants appealed to the zoning board of adjustment, praying for the revocation and rescission of the order of the zoning officer. After hearing, the zoning board of adjustment sustained the order of the zoning officer, and it is from this decision of the board that the present appeal is taken.

The controlling ordinance in this case classifies the entire township as a rural residential district. The township and the zoning board of adjustment concede that the operating of a pig farm is not in violation of the zoning ordinance. Appellants on the other hand, concede that the commercial operation of a garbage disposal system on the property in question would be a violation of the ordinance. The zoning board of adjustment found appellants' activity to be that of commercial garbage disposal rather than pig farming. Thus, the sole question before the court is whether the record before the board supports this finding.

The basic facts are not in dispute and may be stated as follows:

Appellants have contracts for the collection and removal of garbage from the Boroughs of Lansdale, Souderton, Hatfield and North Wales, all in this county. They own three farms in Montgomery County, one in Blue Bell, Whitpain Township, one in Lower Salford Township, and the one here at issue, in Upper

Salford Township. A total of 42 tons of garbage is collected from the four boroughs each week. All of this garbage is cooked at the Blue Bell farm and 39 tons of it are fed to the appellants' swine on that farm. The three remaining tons of garbage are trucked to and fed to the swine on the farm in Upper Salford (a distance of approximately 16 miles). Of these three tons, approximately two-thirds is consumed by the animals, the remaining being spread upon appellants' fields, together with manure, and plowed under for fertilizing purposes. The male appellant designates himself as a "pig farmer" on his Federal Income Tax Return, and his unrefuted testimony is that his principal income is derived from the raising of pigs and that the moneys received from the collection of the garbage are just slightly more than enough to maintain the trucks and to pay the wages of the drivers and their helpers.

After a careful review of the evidence before the board, we are convinced that appellants' activity on the farm in Upper Salford Township is primarily pig farming and that the boards' finding that it was commercial garbage disposal is without support in the record. While it is true that appellants may be engaged elsewhere in the commercial collection of garbage, the sole inquiry here involved is related to the activity on the land in Upper Salford Township, and that activity is clearly pig farming as distinguished from garbage disposal. The fact that some garbage may be disposed of in the process of raising the swine is not sufficient to justify a characterization of the operation as a commercial disposal of garbage. In such case, where the board's determination is shown to be arbitrary or contrary to the weight of the evidence, the court is authorized and should make its own ruling: Lindquist Appeal, 364 Pa. 561, 566 (1950). The activities or occupations appellants may pursue on other tracts of land, in other municipalities are irrelevant, and ought to have been

ignored by the board of adjustment. The board committed error when it concluded that appellant was engaged in the commercial activity of the collection and disposal of garbage on the instant premises.

We therefore make the following

### Order

And now, June 26, 1962, it is ordered, adjudged and decreed that the decision of the zoning board of adjustment of Upper Salford Township, affirming the order of the township zoning officer, is reversed, and it is ordered and decreed that the present use of appellants' land is a proper and lawful use thereof and not in violation of the township zoning ordinance.