Leon J. McGeady, Charles J. Green, and Lewis I.
Lukehart, The Zoning Hearing Board of
the City of Bethlehem v. C. N. Zumas.

Argued March 2, 1971, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MANDERINO, MENCER and ROGERS.

*Joseph C. Pongracz*, with him *T. E. Butterfield, Jr.*, City Solicitors, for appellant.

*Robert H. Holland*, with him *Kolb, Holland, Antonelli & Heffner*, for appellee.

PER CURIAM OPINION, April 13, 1971:

This is an appeal by the City of Bethlehem from an order of the Court of Common Pleas of Northampton County directing that a special exception be granted to appellee for the construction of 270 multiple dwelling units known as "Spring Garden Townhouses" in an "R-G" residential district in which multiple dwellings are permitted as special exceptions under the Zoning Ordinance of that city.

The matter came before the court below on an appeal by the owner-developer (appellee here) from a

refusal by the Zoning Hearing Board to grant the requested special exception. A full hearing was held by the court below after which the hearing judge made findings of fact and conclusions of law in an opinion of the court and directed the issuance of a special exception.

Under these circumstances the scope of our review is limited to a determination of whether the lower court abused its discretion or erred as a matter of law. *Richman v. Zoning Board of Adjustment*, 391 Pa. 254, 137 A. 2d 280 (1958).

With one exception, the opinion of the court below fully deals with and properly disposes of all arguments advanced by appellant in this appeal. Not specifically considered by the lower court in its opinion is a contention by appellant that the lower court erred in directing a special exception be granted for a project, the detailed plans for which had not been submitted to either the Board or the Court.

The opinion and order from which this appeal was taken was handed down October 6, 1970. Shortly thereafter, the Zoning Hearing Board filed a petition for rehearing averring that inasmuch as neither in prior proceedings before the Board nor in the proceedings before the court had there been submitted a multiple dwelling plan for 270 units the record should be opened for submission of such a plan and reconsideration by the court of its order in light of such a submission. A rule to show cause was issued, an answer to the rule was filed and a hearing was held on November 6, 1970, at which a 270 unit plan was made a part of the record by stipulation of counsel and its import was argued at some length. The only witness at such hearing testified that the plan submitted met all requirements of the zoning ordinance as to set back, density limitations and like conditions. The court thereupon directed the

record as thus enlarged to be closed and discharged the rule to show cause why a rehearing should not be held.

While it is not clear whether the court below treated the proceedings of November 6, 1970 as simply an argument on the rule to show cause or as an evidentiary hearing, it is clear that a plan for a 270 unit multiple dwelling was, by stipulation of counsel, made a part of the record and a witness was permitted to testify as to its meeting the mentioned zoning ordinance requirements. It is equally clear by its order that the court saw no reason to modify or change its order of October 6, 1970 directing a special exception to be granted.

While we do not propose to review in detail the long history of proceedings with respect to the erection of multiple dwelling units on the site in question, it should be noted that as far back as December 1968, both the Planning Commission and the Zoning Hearing Board had approved a plan for 266 units on 26.7 acres of ground and as late as September 1969, the Planning Commission had approved a plan for 270 units on a site of 27.6 acres, the additional acreage having been acquired by the owner-developer in the interim. All of this was before the court on its original hearing on appeal from the Zoning Board. There can be no doubt that the court in handing down its opinion and order of October 6, 1970 did so with respect to such a 270 multiple dwelling unit plan notwithstanding that such a plan was not a part of the record as originally made before the court. It did not err in doing so.

Order affirmed.