## Kleinman v. Zoning Board of Appeals

*Melvin Levy* and *Albert Blumberg*, for appellants.
*Jacob Sapovits* and *Louis A. Bloom*, for zoning board.

SWENEY, P. J., September 29, 1955.—This case reaches us on appeal from the refusal of the Board of Appeals of the City of Chester to grant appellants a special exception for permission to operate a dry cleaning establishment in a one-story masonry building located at the northwest corner of Third Street and Central Avenue, in the said City of Chester and commonly known as nos. 1602-04 West Third Street.

Testimony was taken before the writer of this opinion, which supplemented the testimony already taken before the zoning board and which is part of this record.

From the testimony, we make the following findings of facts:

1. Petitioner, Arthur Kleiman, resides at 5256 Arlington Street, Philadelphia; petitioner, Malcolm Levin, resides at 5702 Jefferson Street, Philadelphia;

said petitioners are the lessees of premises 1602-04 West Third Street, Chester, Delaware County.

2. William R. Boyd, Robert A. Hibbert and John Lacusch constitute the Zoning Board of Appeals of said City of Chester.

3. By ordinance duly adopted and ordained by the Council of the City of Chester, to wit, Ordinance 27, adopted September 14, 1948, and known as "The Chester Zoning Ordinance of 1927 as Revised and Re-enacted in 1948", the said City of Chester classified, regulated and restricted the location and use of buildings and land for trade, industry, residence or other purposes and created districts for said purposes and established the boundaries thereof.

4. By virtue of the provisions of said ordinance of the City of Chester and zoning map attached thereto and forming part thereof, the property of which petitioners are lessees is designated as C-1 commercial district.

5. On December 16, 1954, the said Arthur Kleiman and Malcolm Levin, trading as Deb Cleaners, being petitioners herein, made and filed an application with the Building Inspector of the City of Chester, requesting the issuance of a permit or certificate of occupancy for the purpose of obtaining a special exception to operate a dry cleaning establishment at premises 1602-1604 West Third Street, in the City of Chester aforesaid, and said building inspector refused to issue said permit or certificate in accordance with petitioners' application therefor.

6. Article VI of said Zoning Ordinance provides, inter alia, as follows:

"C-1 Commercial Districts

"Section 600. In C-1 Commercial Districts the following regulations shall apply:

"Section 601. USE REGULATIONS. A building may be erected or used, and a lot may be used or occupied

for any of the following purposes, and no other: . . .

"16. Laundry, dry cleaning or dyeing establishment, when authorized as a special exception."

7. On or about the date aforesaid, to wit, December 16, 1954, your petitioners took an appeal from the decision of said zoning board of appeals and requested a special exception to permit the use of their premises as and for a dry cleaning establishment.

8. Pursuant to said appeal, a hearing was scheduled to be held before the said zoning board of appeals on January 7, 1955, and public notice of said hearing was then given in accordance with the requirements of the said Zoning Ordinance of the City of Chester, and said hearing was held, as scheduled, on January 7, 1955, at which time petitioners appeared without counsel and brief testimony was produced before said zoning board of appeals.

9. On January 18, 1955, the said zoning board of appeals handed down an order refusing the appeal and denying petitioners a special exception to permit their occupancy of premises 1602-04 West Third Street in the City of Chester as and for a dry cleaning establishment.

10. On January 20, 1955, petitioners made application with said zoning board of appeals for a rehearing on the application originally made by them as aforesaid, and said application for rehearing was then granted by the zoning board of appeals.

11. Pursuant to the granting of said application for rehearing, said rehearing was scheduled to be held before the said zoning board of appeals on March 18, 1955, and public notice of said rehearing was then given in accordance with the requirements of said Zoning Ordinance of the City of Chester, and said rehearing was held, as scheduled, on March 18, 1955, at which time petitioners appeared with counsel, and full and complete testimony and other evidence was introduced

before the said zoning board of appeals by your petitioners.

12. On March 28, 1955, the zoning board of appeals handed down an order refusing the appeal and denying petitioners a special exception to permit their occupancy of premises 1602-04 West Third Street in the City of Chester as and for a dry cleaning establishment because, "although the applicant stated at the hearing his intention to use a non-inflammable type of fluid in his cleaning process, manufactured by the Du-Pont Company, the Board was concerned with the fact that in the event the applicant would sell his business, that his successor may use an inflammable type of fluid or solvent which would be dangerous to the safety of the community."

13. Petitioners and respondent Zoning Board of Appeals of the City of Chester agreed, at the hearing held on June 1, 1955, before the Honorable Henry G. Sweney, President Judge, to incorporate into and make part of the record herein all of the evidence presented at the hearings aforesaid on January 7, 1955, and March 18, 1955, before the said zoning board of appeals.

14. Petitioners propose to install in their premises dry cleaning machinery known as Manitowoc which has been approved by the Fire Underwriters Laboratories.

15. The aforesaid machinery is constructed to use only noninflammable synthetic cleaning solvents, such as Perchlor, which is a product of the Columbia-Southern Corporation, a subsidiary of the Pittsburgh Plate Glass Company.

16. The aforesaid machinery will not properly operate with a solvent which has a flash point and which is inflammable.

17. Perchlor is completely noninflammable and has

no flash point whatsoever, having been rated as such by the Fire Underwriters Laboratories.

18. The equipment, methods and building proposed to be used by petitioners in their operation as a dry cleaning plant complies with and meets the requirements of the Department of Labor and Industry of the Commonwealth of Pennsylvania.

19. Both sides of Third Street in the City of Chester are zoned commercial from Morton Avenue, which is 500 East, to Thurlow Street which is 2900 West, as follows: Morton Avenue (500 East) to Kerlin (700 West) is zoned C-2; Kerlin Street aforesaid to Edwards Street (1700 West) is zoned C-1; Edwards Street aforesaid to Yarnall Street (2000 West) is zoned C-2; Yarnall Street aforesaid to Ward Street (2500 West) is zoned C-1; Ward Street aforesaid to Thurlow Street (2900 West) is zoned C-2: City of Chester Zoning Map.

20. The Zoning Code of the City of Chester does not contain general or specific rules by which the board of adjustment may be guided in determining whether a special exception should or should not be granted.

21. The board of adjustment is without authority to grant a special exception to appellants.

22. The board of adjustment has the authority to consider the application herein filed as a request for a variance.

23. Appellants are not entitled to a variance.

The question of what is meant by the statutes as to general or specific rules governing the grant of a special exception has given the courts of this Commonwealth concern. In Devereux Foundation, Inc., Zoning Case, 351 Pa. 478, the foundation bought a piece of property in an "A Residential District" in Easttown Township, Chester County; in such a district, the ordinance provided for use of buildings for educational

or religious use, including dormitory by special exception but excluded structures for accommodating the insane or other persons mentally deficient. The foundation had been incorporated to study and educate boys and girls suffering from nervous diseases. In Dooling's Windy Hill v. Springfield Township, 371 Pa. 290, the subject property was located in "E Business District", where a premises might be used as a hotel, boarding house or restaurant by special exception. The subject property was being used as a restaurant. In the instant case, the subject property is situate in a "C-1 Commercial District", which permits the use of property as a "laundry, dry-cleaning or dyeing establishment, when authorized as a special exception".

In the Devereux and Dooling cases, the Supreme Court refused the grant of a special exception because the zoning ordinance in each case failed to set forth any rules in accordance with which an exception may be granted. A careful reading of the Chester Zoning Ordinance discloses no "general or specific rules" which would serve as a basis for the granting of an exception. It, therefore, follows that no exception can be granted.

"But zoning ordinances usually provide, as does the present one, for another kind of dispensation, also permitted by the statute, by which a 'variance' from the terms of the ordinance may be authorized in cases where a literal enforcement of its provisions would result in unnecessary hardship. Presumably, therefore, it is such a variance which the Board of Adjustment intended here" to refuse: Devereux Foundation, Inc., Zoning Case, supra. In the Dooling case, the Supreme Court affirmed the lower court's action in passing upon the application as a "variance" rather than as a "special exception". It would seem logical, therefore, in the instant case, to refuse the application here made for a special exception to use the subject property as

a dry cleaning establishment and to consider whether a "variance" may be granted.

In considering the matter as to a "variance", the legal requisites are: "(1) that it be not contrary to the public interest and (2) that, owing to special conditions, a literal enforcement of the provisions of the ordinance would result in unnecessary hardship": Dooling's Windy Hill, supra. Also, "The law is well established that a variance may be granted only where a property is subjected to a hardship unique or peculiar to itself as distinguished from one arising from the impact of the zoning regulations on the entire district": Michener Appeal, 382 Pa. 401, 406.

Although not raised by counsel for either side, we are faced with the question as to the status of petitioners, as lessees of this property, and the rights which accrue to them to seek a variance.

"We regard an equitable owner . . . as possessing a status to petition for a variance and that the strict enforcement of this ordinance . . . would work an unnecessary hardship upon him": Elkins Park Impr. Assn. Zoning Case, 361 Pa. 322, 328; see also Silverco, Inc., v. Zoning Board of Adjustment, 379 Pa. 497, 500. We are of the opinion that a lessee is not an equitable owner of a property and does not possess the status to petition for a variance. These appellants do not have to rent the subject property and they cannot be heard to say that they suffer unnecessary hardship because they will lose a valuable opportunity to make money, unless a variance is granted.

Considering this whole territory, as described in the testimony, as well as the reasons given by the board for refusing the special exception, we fail to find any reason why a variance might not be properly granted to a proper applicant, but we are holding that appellants have no standing to petition for a change in zoning.

*Decree*

And now, September 29, 1955, it is ordered and decreed that the appeal herein filed be, and the same is hereby dismissed, that each party shall pay his own costs.

And the prothonotary of Delaware County is directed to give notice of the filing of this opinion to the parties hereto or to their attorneys of record, and if no exceptions are filed to the findings of fact and this decree within 20 days from the date of this decree, this decree shall be entered as a final judgment.