Baronoff, Appellant, *v.* Zoning Board of Adjustment.

· Argued January 3, 1956. Before STERN, C. J., STEARNE, JONES, BELL and CHIDSEY, JJ.

*George T. Kelton,* with him *John P. Fullam* and *Eastburn, Begley & Fullam,* for appellant.

*Willard S. Curtin,* with him *Curtin & Heefner,* for appellee.

OPINION BY MR. JUSTICE CHIDSEY, April 16, 1956:

The questions presented in this appeal are whether the appellant was entitled to a variance under a zoning regulation, and the constitutional validity of the regulation as applied to appellant's property.

In 1952 appellant, Robert Baronoff, acquired an irregular shaped tract of land containing 7.187 acres in Bucks County, Pennsylvania for the purpose of constructing and operating thereon a "Drive-In" theatre. The parcel fronts on a public road known as West Trenton Avenue and extends northwestwardly therefrom an irregular distance of between 600 and 700 feet. It is about 474 feet in width. The front and major portion of the tract, 5.357 acres, is situate in Falls Township and the rear portion, 1.830 acres, lies within Lower Makefield Township. At and prior to the time of the hearing before the court below, the front or Falls

Township portion of the tract was subject to no use restriction or regulation, Falls Township having no zoning ordinance. The rear portion of the tract is within a residential district in Lower Makefield Township as zoned by an ordinance of the latter adopted March 3, 1939, as revised July 1, 1946, permitting use only for residential, educational, farm or public utility purposes and uses accessory thereto. The entire tract has been held in single and separate ownership by the appellant and his predecessors in title since a time prior to the adoption of the Lower Makefield Township zoning ordinance. It extends about 157 feet beyond the boundary line of the two townships and the rear or Lower Makefield Township portion is, as found by the court below, completely land-locked and useless except in so far as the use of that portion is coordinated with the use of the Falls Township portion. There are no means of ingress or egress other than by use of appellant's property in Falls Township.

Appellant constructed the theatre at an approximate cost of $90,000 (including the purchase price of $25,000 for the land) and began operations in August, 1953. The picture screen, projection booth and other accessory structures are located in Falls Township near West Trenton Avenue and the area for patrons is to the northwest and laid out in concentric ramps converging on the picture screen. Space and facilities for approximately 587 cars were provided. There were so-called "in-car" speakers, one for each automobile parking space. These speakers, each an independent unit, to permit the occupants of the individual cars to hear the recorded sound track of the motion picture being shown, were designed to be taken within the car by the patron and individually controlled as to the volume of sound. When not in use, they were hung in pairs on posts provided for every other parking

space. It would appear that three or four ramps for accommodation at the rear were located in Lower Makefield Township.

Shortly after commencing operations, appellant applied to the Lower Makefield Township's board of adjustment for a variance. The board denied the application without making any findings of fact or giving any reasons for its action.[1] On appeal a judge of the court of common pleas heard the case de novo. In his petition to the court for allowance of appeal, appellant not only contended that "The action of the Zoning Board of Adjustment was arbitrary, capricious and an abuse of discretion under the circumstances.", but specifically alleged that "The decision of the Zoning Board of Adjustment violates the Fourteenth Amendment to the Constitution of the United States and Article I, Sections 1 and 9 of the Constitution of Pennsylvania, in that it constitutes a deprivation of property without compensation and without due process of law and denies to the petitioner the equal protection of the laws.".

Section 2007 of the Second Class Township Code, Act of July 10, 1947, P. L. 1481, 53 PS §19093-2007, provides that ". . . Any person aggrieved by any decision of the board of adjustment or any taxpayer or the board of supervisors may, within thirty days after such decision of the board, appeal to the court of common pleas of the county, by petition duly verified, setting forth that such decision is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, and specifying the grounds upon which he re-

---

[1] In its opinion dismissing appellant's exceptions to the decree nisi entered by the hearing judge, the court correctly states: "It is clear that it was improper for the board to decide the application, as it apparently did, on the bare number of protests against it: Lindquist Appeal, 364 Pa. 561, 565. . .".

lies . . .". The court is given broad power in passing on the decision of a zoning board, the same section of the Act providing that ". . . The court may reverse or affirm, in whole, or in part, or may modify, the decision appealed as to it may appear just and proper.". The hearing judge made findings of fact, considered and rejected both of appellant's contentions, and entered a decree nisi affirming the decision of the board. Exceptions were filed to this decree and to the findings of fact, certain of which were sustained by the court en banc. These were directed to the failure of the trial judge to consider the following provision of the zoning ordinance: "When a district boundary line divides a lot held in single and separate ownership at the time of the adoption of this Ordinance, the regulations as to the use in the less restricted district shall extend over the portion of the lot in the more restricted district, a distance of not more than fifty (50) feet beyond the district boundary line; Provided that in case of a lot other than a corner lot, the regulations as to the use in the more restricted district may extend a distance more than fifty (50) feet when authorized as a special exception by the Board of Adjustment.".[2] Accordingly, the decree nisi made by the trial judge was changed by the court en banc so as to ". . . permit said appellant's use of his premises for purposes of a 'drive-in' theatre for a distance of fifty feet into said [Lower Makefield] Township from the Township Line across

---

[2] This proviso for a *special exception* purporting to empower the board to permit extensions of uses for a distance of more than 50 feet beyond the district boundary line contained no standards or rules governing the exercise of the power and was therefore held inapplicable by the court below. See *Devereux Foundation, Inc., Zoning Case*, 351 Pa. 478, 41 A. 2d 744; *Dooling's Windy Hill, Inc. v. Springfield Township Zoning Board of Adjustment*, 371 Pa. 290, 89 A. 2d 505. Appellant does not challenge this ruling.

said premises", but further decreeing that ". . . in all other respects said appeal be dismissed and the decision of the board of adjustment affirmed . . .". This appeal is from the final order of the court en banc.

Recognition of the provision of the ordinance excluding 50 feet on the perimeter of the zoned district thus reduced the debatable area or land-locked "Island", as the court termed it, to a strip about 107 feet in depth. Other provisions of the ordinance covering the residential district in Lower Makefield Township here involved provided "There shall be a front yard, the depth of which shall be at least forty (40) feet . . ." and "There shall be a rear yard not less than fifty (50) feet in depth. Rear yards shall be unoccupied except for accessory buildings which are limited to twenty per cent of the area of the rear yard.". The foregoing provisions make even more apt and conclusive the court's finding that it would not be feasible or practical to develop the area in question for the uses authorized in the residential district independently of the Falls Township part of the tract, for the trial judge, when he made this finding, was considering the depth of the area as 157 feet instead of 107 feet only.

Passing for the moment the constitutional question raised, Section 2007 of the enabling Act of 1947, supra, provides that a variance may be granted from the terms of the zoning ordinance ". . . as will not be contrary to public interest, where owing to special conditions a literal enforcement of the provisions of the ordinance will result in unnecessary hardship, and so that the spirit of the ordinance shall be observed and substantial justice done.". It was incumbent upon appellant to establish that the variance would not be contrary to public interest and that unnecessary hardship would result if the variance were not granted: *Silverco, Inc. v. Zoning Board of Adjustment,* 379 Pa. 497, 109 A.

2d 147, and cases cited therein. The court below held that appellant's proof failed to satisfy either of these requirements. It appears from the court's findings of fact that "In either direction from appellant's premises along West Trenton Avenue, in addition to residences, there are the following types of commercial establishments: an automobile sales agency with garage, storage lot and repair shop; a restaurant; two snack bars and a toy train plant. There is no sufficient evidence that any of these commercial establishments extend into Lower Makefield Township, all being within the Township of Falls. Along West Trenton Avenue immediately adjacent to the premises in question on either side are residences with curtilage appurtenant thereto extending back from West Trenton Avenue northwesterly approximately 200 feet. The balance of the land immediately adjacent to the premises in question on either side, extending back the full depth thereof into Lower Makefield Township, is unimproved, unused and largely woodland. Along the rear line of the tract, in Lower Makefield Township, are several private residential premises screened to some extent by woodland varying in depth from a few scattered trees to a woods approximately 50 feet deep separating them from appellant's premises. These residences front on other highways located still further to the northwest and are in the same R-1 Residence District as the portion of appellant's tract which forms the subject of this proceeding. At least two of them are located within 100 to 150 feet from the nearest ramp on appellant's premises.".

The court found that the operation of appellant's theatre with a consequent attraction of large numbers of cars and people, the attendant noises of auto horns, sound track transmitted through the speakers and the glare of headlights combined to produce undue dis-

turbance to the peace and quiet of the Lower Makefield Township residential neighborhood adjoining appellant's premises to the northwest, and that ". . . The presence of a portion of this theater within said Township substantially changes the residential character thereof in the vicinity.". On the question of hardship the court concluded that the hardship was self-inflicted (citing *Kovacs v. Ross Township Board of Adjustment et al.*, 173 Pa. Superior Ct. 66, 95 A. 2d 350) and therefore not an "unnecessary" hardship because appellant constructed the theatre before determining the presence and effect of zoning regulations and made no attempt to use the property in a manner more compatible with the residential character of the neighborhood.

Appellant argues that in its finding of disturbance to the peace and quiet of the residential neighborhood, the court considered the operation of the theatre as a whole, and was not justified in concluding under the evidence that the small portion of the theatre operation within Lower Makefield Township made a substantial change in the character of the neighborhood. Appellant also argues that under the circumstances the hardship to appellant was not self-inflicted as found by the court.

We deem it unnecessary to consider these contentions which bear on the propriety of the grant of a variance, for we are of opinion that the action of the lower court must be reversed because of the constitutional invalidity of the zoning regulations as applied to appellant's property.

As found by the court below, the portion of appellant's premises lying within Lower Makefield Township is completely land-locked without means of access to any public road. It can be put to no feasible or profitable use without violation of the terms of the zoning ordinance. It remains taxable but yields no

return to the owner who would be better off with outright confiscation of the property. It is no answer to say that the use of appellant's property in Falls Township could be coordinated to the restricted use in Lower Makefield Township, for appellant had the unrestricted legal right to use his property in Falls Township for any lawful purpose. Lower Makefield's jurisdiction was confined to its own territory and it was without power to restrict the use of property situated in another township. It could not compel appellant to use his Falls Township property for residential or farm or any other purpose nor compel him to construct a road thereon for access to the restricted portion in Lower Makefield Township.

In its opinion the court below admitted that the zoning power is limited by statutory and constitutional requirements to regulations clearly necessary for the preservation of public health, safety, morals or general welfare, and not unjustly discriminatory, arbitrary, unreasonable or confiscatory in the application to a particular piece of property, (citing cases for this well established principle), but held that while constitutional requirements might be applicable and the restrictive provisions of the ordinance as applied to appellant's premises be beyond the power of the township to enforce in the case of a *"less incompatible use"*, here, it is stated, appellant's use of his premises changed the residential character of the neighborhood in a manner "smacking of potential (and actual) nuisance quality.". This attempted avoidance of constitutional requirements cannot be justified. If the use of appellant's property in Lower Makefield Township is or becomes a nuisance in fact, other remedies are available. The appropriate public authority could act under its general police power and any aggrieved resident could enjoin the use by bill in equity. Moreover,

that the operation of appellant's theatre is or may become a nuisance in fact is not relevant in the present proceeding. We have recently stated that zoning being statutory, is exclusively matter of law and not equity, and that equitable principles have no place in the consideration of a zoning case. See *Mazeika v. American Oil Company*, 383 Pa. 191, 118 A. 2d 142; *Barth v. Gorson*, 383 Pa. 611, 119 A. 2d 309.

Since, as above stated, the township possessed no extra-territorial power over the use of appellant's property in Falls Township, the portion of his property in Lower Makefield Township must be considered independently. Thus considered, under the terms of the ordinance it was rendered practically worthless. It could not be adapted to the permitted uses, and any other use, of whatever degree of incompatibility, was excluded. Consequently the ordinance in its application to plaintiff's property is violative of the due process clause of the Fourteenth Amendment to the Constitution of the United States and of Article I, Section 1 of the Constitution of Pennsylvania in that it unlawfully deprives appellant of property without compensation.

The order of the court below is reversed at the cost of appellee, and the record remanded for the entry of an order consonant with this opinion.