216

Sylvester, Appellant, *v.* Pittsburgh Zoning
Board of Adjustment.

Argued October 2, 1959. Before JONES, C. J., BELL,
JONES, COHEN, BOK and McBRIDE, JJ.

reargument refused January 30, 1960.

*Bresci R. P. Leonard,* with him *Royston, Robb & Leonard,* for appellants.

*David Stahl,* City Solicitor, with him *Frederick A. Boehm,* Assistant City Solicitor, for City of Pittsburgh, intervening appellee.

*J. Lee Miller,* with him *Miller & Miller,* for intervening appellees.

OPINION BY MR. JUSTICE BENJAMIN R. JONES, November 24, 1959:

This appeal challenges the validity of the affirmance by the County Court of Allegheny County of the decision of the Pittsburgh Zoning Board of Adjustment (herein called Board) which denied variances to Sylvesters, the appellants, in connection with the use of property owned by them in the "Crafton Heights" area of Pittsburgh.

In 1949 Sylvesters paid $12,000 to the Pittsburgh School District for a two and one-half story, 45' x 90', abandoned school building located on a 2 acre tract of land. Under the then effective zoning ordinance,[1] this

---

[1] Ordinance of August 9, 1923, No. 372, as amended. On May 10, 1958—seven weeks subsequent to the Board's hearing and one day subsequent to the Board's decision in the instant case—a new zoning ordinance was passed under which the district in which Sylvesters' property is located became an "R-2" Residential District limited to one and two-family dwellings and in which light industrial or commercial uses are prohibited.

school property was located in a "B" Residential District wherein one and two-family dwellings were permitted and light industrial or commercial uses prohibited, the school being a permitted use. Sylvesters— then owners and operators of an art school—planned to remodel this building; to convert the first floor into two apartments[2] and the second floor either for use by the art school or into several apartments. When it became impracticable to locate the art school in the building Sylvesters applied for a building permit to convert the second floor into several apartments; such permit was refused because of the two-family zoning regulation. Sylvesters then applied for a zone change but City Council did not grant their request. The result is that Sylvesters and their son each have an apartment on the first floor but the second floor of the building remains unused and unoccupied. One variance now requested is to use the second floor of this building as the office of a coin-vending machine corporation in which Sylvesters and their son own the majority stock.

In 1951 Sylvesters purchased a 1 acre tract of vacant land, adjoining the school property, for $3250, this tract being under the same zoning restrictions as the school property. After obtaining the required consents of adjoining property owners,[3] the Sylvesters in 1957 obtained permission to construct on this tract of land a garage "to house 10 trucks" and this garage was completed prior to October 1957.[4] On October 1, 1957 Sylvesters obtained further permission to erect in the garage a concrete block interior partition for the storage of "supplies". Upon completion of the garage Sylvesters started to use the second floor of the one-

---

[2] One apartment for the use of Sylvesters and the other for the use of their son and his family.

[3] Under Section 13 of the 1923 Ordinance.

[4] In connection with the construction of the garage the Board also granted a side-yard variance.

time school building as the office and to use the garage as the base of operations of their large coin-vending machine business.[5]  After a week of such use, upon the order of the zoning authorities, who acted upon complaints from the neighbors, Sylvesters ceased such use. Sylvesters now request a variance "to enlarge permitted uses of existing major garage . . . . being uses for storage and servicing of coin machine trucks, to permit storage and servicing of coin machines, materials, supplies and merchandise as needed in the use of such trucks and with incidental office space and use".

Sylvesters filed an application for a permit and variances on March 14, 1958; after hearing, the Board denied their requests.  An appeal was then taken to the County Court of Allegheny County which, after a hearing *de novo,* on March 21, 1958 upheld the Board's denial of the permit and variances.  From that order this appeal followed.

Appellants' contention is two-fold: (1) under the instant factual situation they were legally entitled to a grant of the requested variances; (2) that the zoning regulation is unreasonable and violates, in its application to them, their constitutional rights.

The extent and scope of our review is clear.  Mr. Justice McBride, speaking for the Court in *Upper St. Clair Twp. Grange Zoning Case,* 397 Pa. 67, 70, 152 A. 2d 768, stated: "In reviewing the decision of a lower court on appeal to it from a decision of a zoning board of adjustment, the question on appellate review is whether the court below committed a manifest abuse of discretion or an error of law.  Richman v. Zoning

---

[5] Sylvesters planned to use the garage for the storage of trucks *and* supplies, such as coffee, cream, cigarettes, candy, etc., to be furnished to lessees of the vending machines as well as for the repair and making of adjustments to the vending machines and trucks. The coin-vending machine business is one of the largest in the Pittsburgh area.

Board of Adjustment, 391 Pa. 254, 137 A. 2d 280; Archbishop O'Hara's Appeal, 389 Pa. 35, 131 A. 2d 587; Volpe Appeal, 384 Pa. 374, 121 A. 2d 97".

In *Upper St. Clair Zoning Case* we further said: "It is therefore necessary for us to consider the principles of law applicable to the grant of a variance from a zoning ordinance in order to determine if the lower court has complied therewith. A variance may be granted only after the applicant clearly proves two factors: (1) that an unnecessary hardship, unique to the particular property, will result if the variance is not granted; and (2) that the proposed use will not be contrary to the public interest [citing cases]. The party seeking the variance has the burden of proving justification for its grant and *he does not do so by proving a mere hardship but must prove an 'unnecessary hardship'.* [citing cases]" (Emphasis supplied).

When Sylvesters purchased both tracts of land, they were held to knowledge of the zoning regulations and restrictions applicable to such land. They knew, or should have known, that only one and two-family dwellings and no light industrial or commercial uses were permitted in that district. As Mr. Justice COHEN recently stated in *Best v. Zoning Board of Adjustment,* 393 Pa. 106, 109, 141 A. 2d 606: "When appellant purchased the . . . house she knew or should have known of the provisions of the zoning ordinances restricting the property to use as a one-family dwelling and of the large expenditures required to maintain and keep up the property. Thus, appellant took the property with the conditions of economic hardship staring her in the face, and she cannot now be heard to complain. [citing cases]". The "innocence" of Sylvesters in the premises and alleged misleading representations made by certain members of the School Board, in connection with the sale and purchase of the school property, do not vary

the rule that Sylvesters should have been cognizant of the zoning requirements when they purchased this land.

Wherein lies any proof of an "unnecessary hardship, unique to the particular property"? The "hardship" which Sylvesters urge is an economic hardship; in the case of the school building, the second floor remains unoccupied and thus non-income producing and, in the case of the garage building, its availability for use only for the storage of the trucks and supplies attendant to the storage and repair of such trucks will result in a far less profitable and economical operation of the coin machine business. Such "hardship" is not recognized as a basis for a variance nor does it render the application of the zoning ordinance invalid: *Upper St. Clair Twp. Grange Zoning Case,* supra; *Richman v. Zoning Board of Adjustment,* 391 Pa. 254, 259, 260, 137 A. 2d 280; *Smolow v. Zoning Board of Adjustment,* 391 Pa. 71, 137 A. 2d 251; *Pincus v. Power,* 376 Pa. 175, 101 A. 2d 914. Sylvesters argue that the "uniqueness" of the hardship to their property is: "There is no other such abandoned school house in the area; no other building of comparable large size in the area; and no other building such as the major garage in the area. . . . More particularly, there is accordingly no other tract of three to four acres; similarly created with cliff, hill and knoll; somewhat isolated; and having on it two such unique buildings. Neither is there any such property with such a history as this one has for redemption from place of blight, danger and eye sore, to place of beauty, orderliness and good example". In effect, the properties, they urge, cannot be used for any other purpose if the variances be not granted; the second floor of the school will remain unoccupied and the garage will remain a garage. However, the court below found that the properties could be utilized for other purposes, such as a subdivision for house developments; our review of the testimony in that respect indicates that such

finding is supported by sufficient evidence and cannot be disturbed upon appeal. Sylvesters, no doubt, would realize greater profit from the use of both premises as the centre of operations for their coin machine business. Nothing of record, however, justifies us in finding that such hardship—loss of financial gain—by reason of the particular character, terrain, etc. of this property requires the grant of the variances. *Garbev Zoning Case,* 385 Pa. 328, 122 A. 2d 682; *Baronoff v. Board of Adjustment,* 385 Pa. 110, 122 A. 2d 65; *Ferry v. Knownacki,* 396 Pa. 283, 152 A. 2d 456, are not controlling. On the other hand, *Swade v. Springfield Township Zoning Board of Adjustment,* 392 Pa. 269, 140 A. 2d 597; *Scranton Board of Zoning Appeals v. Silas,* 393 Pa. 10, 142 A. 2d 24; *Caplan v. Bensalem Township Zoning Board of Adjustment,* 393 Pa. 20, 141 A. 2d 578 are most persuasive.

In the absence of proof that the refusal of the variances constitutes an "unnecessary hardship unique to" this particular property, the action of the court below in upholding the refusal of variances was eminently proper.

Sylvesters next contend that the zoning ordinance is unreasonable in its application to them and thus violates their constitutional rights. Appellants correctly take the position that a zoning restriction cannot be imposed if it does not bear a *substantial* relationship to the public health, safety, morals and general welfare, but incorrectly contend that withholding the variances in the instant situation lacks such relationship. We have carefully reviewed all the testimony taken in the court below and we are satisfied from such review and an examination of the zoning regulations that not only are the zoning regulations constitutional and within the power of the City to enact but that in their application to Sylvesters' property they bear a *substantial* relationship to the health, safety and gen-

eral welfare of that particular zoned district. The court below so found and its findings are supported by evidence both competent and sufficient.

The language of this Court in *Katzin v. McShain,* 371 Pa. 251, 254, 89 A. 2d 519 is particularly applicable to the instant factual situation: "Reduced to its simplest terms we have a contest here between, on one side, a business man with an entirely legitimate desire to seek a profitable monetary return on a piece of property which is his own, and, on the other side, a group of people with an equally legitimate desire to protect their children from dangerous trucks, to preserve the atmosphere around their homes free from gasoline fumes, noises at unreasonable hours of the night, and other annoyances which can play havoc with the physical comfort and peace of mind of homeowners".

The court below neither abused its discretion nor committed any error of law in upholding the Board's refusal to grant these variances.

Order affirmed.