## Upper Providence Township Appeal.

Argued January 11, 1962. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN and O'BRIEN, JJ.

*William L. Huganir,* for appellant.

*John E. Landis,* for appellee.

OPINION BY MR. JUSTICE COHEN, March 13, 1962:

This is an appeal from the order of the lower court reversing the decision of the appellant, Upper Providence Zoning Board of Adjustment (Board), denying appellee's request for a zoning variance.

Appellee, Miller, the equitable owner of certain property located within Upper Providence Township, Montgomery County, applied for a zoning permit to use the premises as a day camp and swim club. The zoning officer refused the permit since the tract in question is zoned agricultural and the requested use is for other than agricultural purposes. The property had been used, however, by a prior owner as an amusement park (a nonconforming use) from 1948 until 1959 when the mortgage on the property was foreclosed and the premises were sold at sheriff's sale to Philadelphia National Bank (appellee's immediate predecessor in title).

Thereupon, appellee appealed to the Board and requested a variance to permit the desired use. After holding public hearings, the Board denied appellee's application. Appellee then filed a petition for a writ of certiorari to the court of common pleas. Subsequently, Indianhead, Inc. (Intervenor), which held fee simple title to the premises in question as assignee of

appellee's interest, was permitted to intervene in the court below. Without hearing additional testimony, the lower court sustained appellee's contentions and directed the Board to grant the variance. The Board appeals this order.

Since no further testimony was taken by the court below and the case was heard solely on the record before the Board, it was the lower court's duty (as it is ours on appeal) only to determine if the Board committed a manifest abuse of discretion or an error of law. *Mignatti Appeal,* 403 Pa. 144, 146, 168 A. 2d 567 (1961).

The record before the Board, which was certified to the lower court, clearly indicates that the parties, the Board and Intervenor all considered the sole question involved to be whether or not appellee's application for a *variance* should be granted. Indeed, the Board's decision concludes, "[i]t follows to refuse the *variance* will not impose unnecessary hardship." (Emphasis supplied).

Notwithstanding, the lower court reversed the Board, holding that appellee's intended nonconforming use of the property was proper since the prior-existing nonconforming use of the premises (as an amusement park) had not been discontinued in the legal sense. Since the question of nonconforming use was not before it, the court below acted improperly in adjudicating this issue. The question of the continuance of the nonconforming use was never litigated before the Board, nor was evidence concerning this point introduced during the proceeding. To raise this issue, appellee (or rather, Intervenor, his successor in interest) must submit a new application to the zoning officer, specifically requesting therein a permit to continue the nonconforming use.

Accordingly, since the court below found neither a manifest abuse of discretion nor an error of law, as re-

quired by our cases, *Mignatti Appeal*, it erred in reversing the decision of the Board denying the variance and in directing the issuance of the necessary permits.

Order reversed and the decision of the Board reinstated.