## Enokay, Inc. Appeal.

Argued April 17, 1962. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN and O'BRIEN, JJ.

reargument refused June 27, 1962.

*Cassin W. Craig,* for appellant.

*Edmund B. Spaeth, Jr.,* with him *John E. Forsythe,* Township Solicitor, and *Wright, Spencer, Manning & Sagendorph,* for appellee.

OPINION BY MR. JUSTICE COHEN, May 21, 1962:

Appellant, Enokay, Inc., is the owner of a parcel of realty located in Lower Merion Township. Part of the property is zoned R-7 Residence District, and the rest of the parcel (over one-half) is zoned R-3 Residence District. Although the applicable zoning ordinance permits apartment buildings to be erected in R-7 districts, construction in R-3 areas is restricted to single-family dwellings.

Appellant applied to the proper township officers for a permit to erect an apartment building on his parcel. The application was refused, and appellant was notified by the department that it would be necessary first to obtain both a variance from the township zoning ordinance to extend the use regulations of the R-7 Residence District over the entire property and a special exception under the ordinance for the construction of a storage garage.

Subsequently, appellant applied to appellee, Lower Merion Township Board of Adjustment (Board) for a variance from the ordinance to extend the use regulations of the R-7 district over the property located in the R-3 area, and also for a special exception to permit construction of the storage facility. Board denied the application for the variance on the ground that the applicant had failed to prove unnecessary hardship. Board also refused the request for the special exception.

Thereupon, appellant appealed to the Court of Common Pleas of Montgomery County. No further testimony was taken and the case was argued before the

court en banc. The court ruled that appellant was entitled to a building permit as a matter of right. One week thereafter, the matter was ordered for reargument before the court en banc, and after reargument, the original opinion and order were vacated per curiam, the decision of the Board affirmed and the appeal dismissed. This appeal followed.

Recently, in *Upper Providence Township Appeal*, 407 Pa. 20, 179 A. 2d 194 (1962), we held that where an application is made to a zoning board of adjustment for a variance and the board refuses the application, on appeal to the court of common pleas from such refusal, the court cannot consider and adjudicate collateral issues subsequently raised by the applicant, but is limited to determining if the board committed a manifest abuse of discretion or an error of law in refusing the variance.

The present case fits within this rule. Following the refusal of the township officers to grant the desired building permit, appellant appealed to Board for a variance and exception from the township zoning ordinance. The evidence taken before Board clearly indicates that these were the only issues raised. On appeal to the court of common pleas, however, appellant switched its line of attack and argued that it is entitled to a building permit as a matter of right since a reasonable interpretation of the zoning ordinance would be to allow extension of the less restrictive R-7 use into the R-3 district, and thereby permit construction of the apartment house. Since, in our opinion, this part of the case was not properly before the court below, we will not consider it here on appeal.

Regarding the refusal of the variance—the sole issue before us—, we fail to see where Board's action will result in unnecessary hardship or in a hardship unique or peculiar to appellants' property as distinguished from one arising from the impact of the zoning

regulations on the entire district. *Richman v. Zoning Board of Adjustment,* 391 Pa. 254, 137 A. 2d 280 (1958). Mere "economic" or "financial" loss will not, standing alone, constitute a sufficient hardship. *Sylvester v. Pittsburgh Zoning Board of Adjustment,* 398 Pa. 216, 157 A. 2d 174 (1959).

Accordingly, since appellee Board neither abused its discretion nor committed an error of law, the order of the court below affirming the refusal of a variance and exception is hereby affirmed.

Order affirmed.

Mr. Chief Justice BELL concurs in the result.