## Cooper, Appellant, *v.* Board of Adjustment.

430

Argued October 3, 1963. Before MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Joseph I. Lewis,* for appellant.

*David Stahl,* with him *Charles H. Bracken, Audrey O. Bracken,* and *Wilner, Wilner & Kuhn,* for appellee.

OPINION BY MR. JUSTICE BENJAMIN R. JONES, November 12, 1963:

This is an appeal in a zoning case from an order of the County Court of Allegheny County which, after the taking of additional testimony upon an appeal from an order of the Board of Adjustment of Brentwood Borough (Brentwood), refused the requested grant of a variance.

In 1961, Mel C. Cooper (Cooper), purchased a 2½ acre tract of unimproved land in Brentwood Borough, Allegheny County. For eight years prior to Cooper's acquisition thereof, this land had been zoned as a "B" residential district, a district wherein only single or

two family dwellings were permitted.[1] On three sides of this land—to the north, east and west—was this same "B" residential district wherein single and two family dwellings were erected and on the south of this land was a multiple family apartment district.

Approximately 60% of this land, constituting the northern portion thereof, is fairly level; the southern portion of the land, approximately 40% thereof, slopes downward toward a hollow which abuts on the multiple family apartment district. The entire tract lies in a valley the approach to which from the east and the west is by streets which slope downward toward the land at fairly sharp grades. According to Cooper, only 60% of the acreage can be built upon for single and double dwelling occupancy because existing sewers are 60-70 feet above the hollow on the south end of the land, the property to the south is "completely sewer-locked", and, if this portion of the land were to be filled, it could not be drained nor could lateral support be furnished.

Cooper wants to erect on this tract of land a 48 bed nursing home which would occupy approximately ½ acre of the entire tract and, to that end, requested the zoning and building committee of the Borough Council for a permit. Upon being refused such permit, Cooper appealed to the Board which, after a hearing, refused to permit the construction of the nursing home. On appeal to the County Court, the record of what transpired before the Board and additional testimony by Cooper were received in evidence and the court denied a variance. From that order this appeal was taken.

Cooper on this appeal presents two issues, one of procedure and the other of law: (a) the Board having

---

[1] The zoning ordinance permitted certain special excepted uses in this district but a nursing home was not within the permitted uses.

held that it had no jurisdiction and, therefore, not having exercised its discretion in the grant or refusal of a variance, the County Court could not exercise its discretion in determining the propriety of a variance; (b) the instant factual situation presented a clear picture of an unnecessary and unique hardship which required the grant of a variance.

In passing upon the first issue, we inquire initially as to what the Board did. The record indicates that, at the conclusion of the hearing before the Board, a motion was presented and unanimously carried stating that "[t]o permit the erection of said [nursing] home would necessitate a change of zoning from 'B' residential to commercial and the [Board] has no authority to change the zoning", such authority being in the legislative body, i.e., the Borough Council. In its so-called "Return to Certiorari", addressed to the County Court, the Board stated that it had refused the request for a "variance" on two counts: (a) that it was to the best interest of the neighborhood not to permit the erection of this nursing home[2] and no change should be made permitting this commercial use in this residential district; (b) to permit the requested use would require a change in the zoning classification of this district which the Board lacked authority to do. The thrust of Cooper's argument is that the Board simply decided that it lacked jurisdiction to rezone this tract of land and it did not pass on the propriety of a variance and, therefore, the County Court could not exercise its independent discretion before the Board exercised its own discretion and the matter should have been returned to the Board for an exercise of its discretion. A reading of the record reveals that the Board recognized that Cooper's request was, in actuality, one

---

[2] A variance should not issue "contrary to the public interest": Act of May 24, 1927, P. L. 519, §3307, as amended, 53 PS §48307(g), (3).

for a rezoning *under the guise of a variance* and the Board properly held that it had no jurisdiction to so rezone, that being a matter for the legislative body. Moreover, the record indicates that the Board did pass on the question of variance and refused to grant such variance for, inter alia, a fully adequate reason, i.e., that the grant of such variance would not be in the "public interest". The County Court, having taken additional testimony, had the duty to determine the case on its merits (*Richman v. Zoning Board of Adjustment,* 391 Pa. 254, 257, 137 A. 2d 280) and such duty clearly required the court to pass upon the propriety of the grant or refusal of a variance under the facts presented. The rationale of *Lindquist Appeal,* 364 Pa. 561, 73 A. 2d 378, furnishes a complete answer to this procedural issue raised by Cooper.

Cooper next contends that, because of the location and the terrain of this tract of land with its problems of inaccessibility, of drainage, of sewage disposal and possible traffic congestion, the instant factual situation furnishes a classic example commanding the grant of a variance. We have carefully reviewed this record and, from such review, we are fully convinced that, even if we accept the conclusion of the court below that the fact that Cooper can only use 60% of this land under the present zoning classification constitutes a "hardship", such "hardship" is, at the most, an "economic or financial hardship" which, per se, will not sustain the grant of a variance (*Pincus v. Power,* 376 Pa. 175, 101 A. 2d 914; *Michener Appeal,* 382 Pa. 401, 115 A. 2d 367; *Spadaro v. Zoning Board of Adjustment,* 394 Pa. 375, 147 A. 2d 159; *Richman v. Zoning Board of Adjustment,* supra), and certainly not the requisite "unnecessary hardship, unique to the particular property" (*Upper St. Clair Township Grange Zoning Case,* 397 Pa. 67, 152 A. 2d 768; *Enokay, Inc. Appeal,* 407 Pa. 593, 181 A. 2d 842; *Brennen v. Zoning*

*Board of Adjustment,* 409 Pa. 376, 187 A. 2d 180) under our case law.

Furthermore, at the time Cooper acquired this land, he knew or should have known of its zoning classification. Under such circumstances that which we recently said in *Crafton Borough Appeal,* 409 Pa. 82, 89, 185 A. 2d 533, is apposite: "When [the purchaser] acquired this property he did so 'with the conditions of [the now claimed] economic hardship staring [him] in the face, and [he] cannot now be heard to complain': [citing authorities]." See also: *Andress v. Zoning Board of Adjustment,* 410 Pa. 77, 88, 188 A. 2d 709.

Under the instant circumstances, the court below properly refused to grant the requested variance.

Order affirmed.

Mr. Justice Musmanno dissents.