**Thompson Appeal**

*Robert J. Jackson,* for appellants.
*George S. Saulnier,* for appellee.

BLOOM, J., October 12, 1971.—This zoning appeal involves a tract of unimproved land lying partially in the Borough of Aldan (5.4 acres) and partially in the Township of Upper Darby (4.1 acres). The portion of the tract located in Aldan is zoned "R-2" residential, which classification permits single-family detached houses and single-family semi-detached dwellings, but does not permit apartments. The Upper Darby land is zoned "R-1" Residential, which permits single-family detached houses and prohibits apartments. Legal title to the entire tract is in appellant, Lilias Thompson, and equitable ownership is in appellants, John A. Trevisan and Thomas Pinelli by virtue of an agreement of sale.

Appellants, desiring to erect apartments on the entire tract, made application for a building permit in both municipalities. The permits were denied and appellants appealed to the Zoning Hearing Board of both municipalities, seeking a variance from the respective zoning ordinances to permit the proposed apartment use. The Zoning Hearing Board of Aldan denied appellants' application for a variance on November 25, 1969. Upper Darby did likewise by decision dated August 11, 1969. Appellants then appealed to this court from the decisions of both zoning boards. However, upon stipulation of counsel, the records on both ap-

peals were remanded by this court to the respective Zoning Hearing Boards for the taking of additional testimony. Subsequently, appellants' application for a variance in Aldan was again denied by a decision dated May 13, 1971. On May 26, 1971, the Upper Darby Zoning Hearing Board denied appellants' application for a variance. Appellants are again before this court, having appealed from the decision of both Zoning Hearing Boards. This opinion is written in disposition of those appeals.

Appellants allege errors common to the decisions of both Zoning Hearing Boards. The first contention is that the attorney who acted as solicitor for each Zoning Hearing Board was also the solicitor for each of the respective municipalities, and, as a result, appellants allege that their right of procedural due process was violated. Therefore, appellants contend that this court should embark upon its own review and evaluation of the record and render its own decision as to whether a variance should be granted under each of the respective zoning ordinances.

In support of their contention, Appellants cite the case of Limekiln Golf Course, Inc. v. Zoning Board of Adjustment of Horsham Township, 1 Com. Ct. 499 (1971). In that case, the same attorney acted as solicitor for both the township and the zoning board.

The Commonwealth Court stated, at page 510, that:

"This practice cannot be approved where the municipality has or may have a position adverse to a party to the proceedings. Due process includes the right to an impartial hearing before the Zoning Board. The dependence by a zoning board upon legal advice furnished by counsel *of a municipality interested in the litigation* is an unnecessary and unwarranted occasion for partiality." (Italics supplied.)

However, in applying the principle quoted above,

the Commonwealth Court had before it the following facts: The solicitor involved actively participated in the hearing before the zoning board. The Board of Supervisors of Horsham Township was on record as opposing the exception sought by the Limekiln Golf Course. After the Limekiln Golf Course withdrew its application, the Board of Supervisors met with the solicitor involved and the zoning ordinance was amended, specifically prohibiting the land use formerly sought by Limekiln Golf Course. Thereafter, when Limekiln refiled its application, the zoning board denied the exception.

The case before this court is wholly devoid of the facts and circumstances found in the Limekiln case. In fact, appellants' brief expressly admits that the solicitors involved in the present case neither exercised nor attempted to exercise any unwarranted influence over the Zoning Hearing Board. Therefore, this being the only error of law alleged by appellants, this court will limit its review to a determination of whether or not the respective zoning boards committed an abuse of discretion in rendering their decisions: Lindquist Appeal, 364 Pa. 561 (1950).

Thus, we arrive at appellants' second contention which is whether the Zoning Hearing Boards of Aldan and Upper Darby abused their discretion in denying the variance sought. The main issue raised by appellants is that the cost of improving the entire tract, both in Aldan and Upper Darby, for single-family dwellings is absolutely prohibitive to such an extent that single-family houses could never be profitably constructed on the site in question. A great deal of testimony was presented by appellants in support of this position. On the other hand, there was an abundance of testimony to the contrary. Even using appellants' cost figures, there was expert testimony that appellants own profit anticipation would be frustrated by less than $200 per

single-family dwelling. Of course, the testimony presented demonstrated that the cost outlay for apartments and the profit return thereon was considerably more than for single-family dwellings.

The record and appellants' brief clearly demonstrate that appellants' application for a variance is based solely on the ground of economic hardship. Where the issue is a question of more profit from one type of development as opposed to another, that is insufficient to sustain the granting of a variance: Jasy Corporation v. Board of Adjustment, 413 Pa. 563 (1964); Cooper v. Board of Adjustment, 412 Pa. 429 (1963).

Furthermore, section 912 of the Municipalities Planning Code of July 31, 1968 (No. 247), 53 PS § 10912, which sets forth the guidelines for granting a variance, provides that there must be no possibility that the property can be developed in conformity with the zoning ordinance in question. Such is not the case before us, and we find that the Zoning Boards of Aldan and Upper Darby did not abuse their discretion.

Therefore, this court enters the following,

## ORDER

And now, October 12, 1971, after consideration of arguments and briefs submitted to the court en banc, and after reviewing the record made before the Zoning Hearing Boards of Aldan Borough and the Township of Upper Darby, it is hereby ordered and decreed that:

1. The decision of the Zoning Hearing Board of Aldan Borough denying appellants' application for a variance is sustained.

2. The decision of the Zoning Board of the Township of Upper Darby denying appellants' application for a variance is sustained.

3. Appellants' appeal from the decisions of the Zoning Boards of Aldan Borough and the Township of Upper Darby is dismissed.