Sojtori *v.* Zoning Hearing Board and Moyer, et al., Intervenors.

Argued October 4, 1972, before President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Mencer, Rogers and Blatt.

*Lawrence Sager*, with him *Sager and Sager*, for appellant.

*Sherwood L. Yergey*, with him *Kranzley, Wrigley, Yergey & Daylor*, for appellee.

*David L. Allebach, Jr.*, with him *Ronald H. Reynier* and *Reynier and Crocker*, for intervenors.

OPINION BY JUDGE BLATT, November 10, 1972:

Joseph A. Sojtori, Sr. (Sojtori) is the owner of a tract of land in Douglass Township (Township), on which are located a dwelling house and a garage. The dwelling house is vacant, but the garage is used for the storage and service of as many as four tractor trailers which Sojtori uses in his business. Prior to Sojtori's acquisition of the land in 1969, it was subject to a non-conforming use permit which allowed the sale, repair and maintenance therein of electrical equipment, electrical machinery and other small machines and equipment. On December 29, 1969, he received a building permit from the Township for the installation of new ten-by-fourteen-foot garage doors and for the construction of a new parking lot and driveway on the premises, and he at once proceeded with this work.

Early in 1971, Sojtori was notified that the repair and parking of tractor trailers was a non-conforming use in the R-2 Residential District in which his land was located and that, therefore, any such activity must cease. When he applied to the Zoning Hearing Board (Board) for a special exception, he argued that his property was in fact located in a C-1 Commercial Dis-

trict, but the Board denied the request, finding that his property was in an R-2 District. He then appealed to the Court of Common Pleas of Montgomery County, again alleging that he was entitled to a special exception and also arguing that, inasmuch as the same attorney had represented both the Township and the Board in regard to his appeal, he had thus been denied a fair hearing. He claimed, besides, that he had a vested right to use the property for the purpose of servicing his trucks because this was a continuation of the non-conforming use to which the property had previously been subject. The lower court, without taking any new testimony, found against Sojtori on all points and affirmed the action of the Board.

On his appeal to this Court, Sojtori does not dispute any of the rulings of President Judge GROSHEN's well reasoned opinion in the lower court. Instead, Sojtori now raises the argument, for the first time during these proceedings, that he is entitled to repair and store his trucks on this property as an accessory use to the use of the dwelling house on the property. He notes that Section 700 of the Township Zoning Ordinance permits accessory uses to single family dwellings in an R-2 District, while Section 1405(2)(a) provides that such accessory uses include use as a private garage. He also notes that a private garage is defined in Section 200 (14)(a) of the Ordinance as: "An accessory building or a part of a principal building used for the storage of motor vehicles owned and used by the owner or tenant of the premises, and for the storage of not more than two (2) motor vehicles owned and used by persons other than the owner or tenant of the premises. Not more than two (2) commercial vehicles or trucks may be stored in a private garage." Sojtori contends, therefore, that his use of the garage is an accessory one, because there is a dwelling house on the land, and

that, inasmuch as Section 200(14)(a) of the Ordinance permits him to store commercial vehicles there, this right to store them would surely include the right to make light repairs to such vehicles.

Sojtori's argument fails to take account of the fact, however, that the Ordinance's definition of an "accessory use" obviously necessitates its being subordinate to a principal use. Section 200(2) of the Ordinance defines an Accessory Use as "A use subordinate to the principal use of land or a building or other structure on a lot and customarily thereto as defined in Section 1405." The dwelling house on the land here concerned is unoccupied and apparently has been so for some time. It could not, therefore, constitute a principal use of the property. And, consequently, the storage and repair of the trucks would be the principal rather than an accessory use. In any case, the issue as to whether or not there could be a valid accessory use to a principal use which is not being exercised is not properly before us, for it was not raised before the Board or before the court below and thus does not come within our scope of review. The cases are legion which hold that matters not raised in, or considered by, the court below cannot be considered on appeal. *Brunswick Corporation v. Key Enterprises, Inc.*, 431 Pa. 15, 244 A. 2d 658 (1968); *Amalgamated Transit Union, Division 85 v. Port Authority of Allegheny County*, 417 Pa. 299, 208 A. 2d 271 (1965); *Upper Providence Township Appeal*, 407 Pa. 20, 179 A. 2d 194 (1962); *Wynnewood Civic Association v. Lower Merion Township Board of Adjustment*, 406 Pa. 413, 179 A. 2d 649 (1962).

The reason for such a rule is especially apparent in the case of an appeal to this Court, because of our limited scope of review. As we said recently in another case where, as here, the court below took no additional testimony: "(O)ur review is restricted to one narrow issue.

Has the Board in the Findings of Fact and Conclusions of Law committed a manifest abuse of discretion or an error of law?" *Zoning Hearing Board v. Konyk*, 5 Pa. Commonwealth Ct. 466, 467, 290 A. 2d 715, 716 (1972). Here we cannot find that the Board has abused its discretion or committed an error of law in that it did not deal with—and, of course, could not deal with—an issue which was never presented to it. Furthermore, inasmuch as this issue was brought to the attention of neither the Board nor the lower court, the parties had no opportunity to present any testimony regarding it, and we would certainly be going beyond our scope of review if we were to decide this question without the benefit of evidence properly presented either to the Board or to the court below.

We, therefore, affirm the order of the Court of Common Pleas of Montgomery County.

---

CONCURRING OPINION BY JUDGE KRAMER:

I agree with the majority in their determination that appellant's appeal should be denied. The appellant attempts to raise a new argument before this Court. The majority holds, and I concur, that this Court has a limited scope of review, and that it is generally not within the prerogative of this Court to consider matters not raised in, or considered by, the court below.

I am, however, disturbed by the majority's strong inference that had this Court been able to entertain appellant's new argument, his appeal would have, nonetheless, been denied. Appellant contends that the Township Zoning Ordinance permits the storage and repair of two trucks as an accessory use. While I find that the degree of repairs permitted may be questionable, I agree with appellant that the Ordinance would permit him to store two trucks in his garage. It ap-

pears that the majority, relying on the Ordinance's definition of an "accessory use" would deny him this right. The majority reasons that an accessory use, by definition, must be a subordinate use, and that the dwelling house (the principal use permitted) on appellant's property is vacant and hence, can no longer serve as a principal use. Although I question whether the mere *vacancy* of a dwelling house is sufficient cause to negate characterizing it as a principal use, and thereby destroy any permitted concomitant accessory uses, I recognize that under a given fact situation that result is possible. The record in this case does not disclose the reason for the vacancy. Was the rent too high? Was it uninhabitable? We don't know.

Even without these reservations, here, the Zoning Ordinance in Section 200(14)(a) (as quoted in the majority opinion) specifically allows for the storage of two commercial vehicles in a private garage. It also specifically provides for the storage of two motor vehicles owned and used by persons other than the owner or tenant of the premises. From my point of view this section comes close to establishing a special exception or perhaps even a permitted use. Clearly, appellant's use of the property is no less subordinate to the dwelling house (albeit vacant) than the permitted use of the garage by a nonowner, nontenant to store two totally unrelated commercial vehicles. Therefore, if this issue were properly before this Court, I would decide in favor of the appellant; since it is not, I must concur in the result.