554 A.2d 133

C. William Brough *v.* Heidelberg Township Board of Supervisors, York County, Pa. Heidelberg Township, Appellant.

Argued September 13, 1988, before Judges CRAIG, BARRY and McGINLEY, sitting as a panel of three.

*James T. Yingst,* with him, *G. Steven McKonly, Buchen, Wise, Dorr* & *McKonly,* for appellant.

*Daniel M. Frey, Crabbs and Frey,* for appellee.

OPINION BY JUDGE McGINLEY, January 30, 1989:

Heidelberg Township Board of Supervisors (Supervisors) appeal an order of the Court of Common Pleas of York County (Court of Common Pleas) reversing an order of the Supervisors which denied the application for subdivision of C. William Brough (Brough) for failure to meet the requirements of Section 509(b) of the Heidelberg Township Subdivision and Land Development Ordinance (Ordinance).[1] The Court of Common Pleas held that the application of the ordinance to Brough's property constituted an unlawful deprivation of property without compensation and ordered the Supervisors to approve Brough's proposed subdivision plan. The Supervisors have appealed this order.

On January 14, 1972, Brough acquired a tract of land containing approximately 58 acres located in Penn Township and Heidelberg Township, York County, Pennsylvania. The effective date of the Ordinance is December 27, 1977. On May 7, 1986, Brough received approval to subdivide the tract into a parcel consisting of 24 acres and a parcel consisting of 34 acres and then presented a

---

[1] Section 509(b) of the Ordinance provides:

*Lots with Private Access*—Parcels of land existing as of the effective date of this ordinance which have access by means of private roads or private right-of-way will be permitted to be subdivided in accordance with the following schedule ...

|  | *Number of Lots Permitted* |
|---|---|
| 3 acres or more | Up to 5". |

*See* Exhibit V-9 at Reproduced Record (RR) 14a.

subdivision plan for the 34 acres. Next, on September 10, 1986, Brough presented a subdivision plan for the 34 acre parcel, consisting of six proposed lots,[2] to the Heidelberg Township Planning Commission (Commission). Brough also submitted the plan to the Heidelberg Township Zoning Hearing Board (Board) and requested a variance from the ordinance requirement that all lots front on a public street or an improved private street. The Board advised Brough that a zoning variance was not required and sent him to the Supervisors for subdivision approval. The Supervisors considered the plan during a public meeting held December 3, 1986. By letter dated December 5, 1986, Brough was notified that the Supervisors refused to approve the subdivision plan. Brough appealed. The Court of Common Pleas received no additional evidence. On September 22, 1987, it reversed the Supervisors and ordered approval of the subdivision plan.

On appeal the Supervisors argue that: Brough was provided with adequate and proper notice of the denial of approval of his subdivision plan in accordance with Section 508 of the Pennsylvania Municipalities Planning Code (MPC);[3] that the refusal of approval, even though contrary to the Board determination that no zoning variance was required, was not an abuse of discretion; and, finally, that the denial of approval of Brough's subdivision plan was in accordance with the terms of the ordinance and that said denial does not result in an unconstitutional deprivation of Brough's property without compensation.

---

[2] Proposed lots Nos. 1 and 2 are situate mostly in Penn Township and would front on a public road known as High Rock Road. Proposed lots 3, 4, 5, and 6 are situate entirely in Heidelberg Township. These lots in Heidelberg Township would have no frontage along a public road. Instead, these lots would lie along a cul-de-sac which connects to a private access lane crossing land lying north of this parcel and belonging to a third party.

[3] Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10508.

Since the Court below received no additional evidence, our scope of review is limited to determining whether or not the Supervisor's findings are supported by substantial evidence, and whether or not an error of law or abuse of discretion was committed in denying approval of Brough's revised subdivision plan. *Bensalem Township v. Blank,* 115 Pa. Commonwealth Ct. 281, 539 A.2d 948 (1988).

The procedure for approval/disapproval of subdivision plans is set forth in Section 508 of the MPC. Subsection (1) requires that the decision of the Supervisors shall be in writing and shall be communicated to the applicant personally or mailed to him at his last known address within 15 days of the decision. The notice provision of Section 306 of the ordinance is actually more demanding than the MPC and requires the Supervisors to mail notice within 5 days of the decision. The Supervisors complied with the MPC and the Ordinance; they made their decision at the public meeting held on December 3, 1986, and notice of the decision was mailed December 5, 1986.[4]

Brough contends the notice was deficient and, therefore, his revised plan should be deemed approved pursuant to Section 508(3) of the MPC. *See Dallmeyer v. Board of Supervisors of East Manchester Township,* 111 Pa. Commonwealth Ct. 645, 534 A.2d 598 (1987). With a non-approval Subsection (2) of Section 508 of the MPC requires that the decision specify the defects, describe the requirements not met and cite those provisions of the ordinance/statute relied upon. Brough acknowledges that the letter does sufficiently cite the statutory authority relied upon, at least, with respect to Section 509(a) of the Ordinance. Brough submits that the letter does not constitute adequate notice as required by Section 508(2) of the MPC because the Board failed to specify any defects

---

[4] Exhibit "F" at RR 20a.

under Section 509(b) of the Ordinance. The December 5, 1986, letter from the Supervisors informed Brough that they "did not approve the plan for the reason that all lots did not front on a dedicated public street or an improved private street" as required by Section 509(a).[5] It also stated that "the plan did not come within the parameters set forth in Section 509(b),"[6] which concerns subdivisions having their access by means of private roads or private rights-of-way. Brough was precisely informed that his plan was subject to the Section 509(a) requirements but that his plan did not comply and that the exception set forth at Section 509(b) did not apply or control. The notice met the requirements of the MPC and the Ordinance and does not establish a basis for a deemed approval of the plan.

Alternatively, Brough asserts that his plan conforms with the terms of Section 509(b) of the Ordinance. The exception found therein to the Ordinance's frontage requirements only applies to parcels existing as of the effective date of the Ordinance, December 7, 1977. Brough's 34 acre parcel was not set forth by metes and bounds and in existence as such until the approval of Brough's prior subdivision on May 7, 1986.

Brough next contends that the Supervisors abused their discretion by failing to consider the findings of fact and conclusions of law made previously by the Board. The Supervisors argue that a determination of the Board is not binding on them. We agree.

---

[5] Section 509(a) of the ordinance provides:

'Except as provided in Section 509(b), all lots shall front on a dedicated public street (existing or proposed) or an improved private street. Lots fronting upon unimproved private streets or not fronting upon a street shall not be approved.'

See Exhibit V-9 at RR 14a.

[6] Exhibit "F" at RR 20a.

The Ordinance vests complete authority in the Supervisors to approve/disapprove all subdivision plans. Section 103(a) of the ordinance. There is no authority for the contention that the Supervisors are bound by the conclusions/findings of the Board. The Supervisors are required to take into consideration various factors when ruling on a subdivision plan, including: standards and requirements of the Ordinance; site suitability for the type of development proposed; availability of necessary services and facilities; comments and recommendations of the York County Planning Commission and various state agencies. Section 304 of the Ordinance. The Supervisors are not required to comply with the Board's determination that a zoning variance is unnecessary.

Finally the Supervisors maintain the denial of Brough's subdivision plan was done in accordance with the terms of the Ordinance and that Brough was not deprived of his property rights in violation of his constitutional rights.

The Court of Common Pleas recognized the unique circumstances presented and adopted our Supreme Court's reasoning as set forth in *Baronoff v. Zoning Board of Adjustment of the Township of Lower Makefield,* 385 Pa. 110, 122 A.2d 65 (1956). (Opinion of the Court of Common Pleas, September 22, 1987, at 4.) *Baronoff* involved property which straddled a township line; the greater portion of the tract was located in a township with no zoning and was the site of a drive-in theater. The smaller, back portion of the lot was situated in a township with zoning ordinance and was zoned residential. The zoned portion had no independent means of ingress or egress and could not be used without a road being run through that portion of the tract being used as a drive-in theater. The owner wanted to use the residential parcel for commercial uses associated with the

drive-in theater. Our Supreme Court held that since the township with zoning could not force a certain use (*i.e.* a roadway) upon property located outside the township and the zoned property could not be used without a roadway, the application of the zoning ordinance resulted in a deprivation of property without compensation. Since the land could be put to no useful or profitable use without violating the zoning ordinance, remaining taxable but yielding no return to the owner, the Supreme Court concluded that the owner would have been better off with an outright confiscation of the property. In *Baronoff*, the Court considered the residentially zoned portion of the parcel independently and found it was rendered useless under the terms of the zoning ordinance because it could not be adapted to the permitted uses and any other use was excluded. Finally, in *Baronoff* the Court concluded that the application of the zoning ordinance would be an unconstitutional deprivation of property without compensation. The Court of Common Pleas characterized the controversy *sub judice* as a validity variance claim by Brough and concluded that "because there is no possibility of public road frontage in Heidelberg Township and because there is no possibility of public road access without requiring use of land in Penn Township to comply with the requirements" of the ordinance, Brough is being deprived of his property without compensation. (Opinion of the Court of Common Pleas, September 22, 1987, at 4-5.)

*Baronoff* is distinguishable. First, *Baronoff* involved a zoning restriction on the use of land, whereas this controversy involves a subdivision application. Secondly, Heidelberg Township is not denying Brough the use of his land or imposing a mandatory use of the land in another township. Brough is seeking approval of a six lot subdivision of his land, which tract of land is located

partly in Penn Township and partly in Heidelberg Township. This tract has frontage along High Rock Road, but that frontage borders only the portion of the tract located in Penn Township. Brough proposes to access two of the six lots from High Rock Road and the other four lots via a private roadway which extends from High Rock Road across lands of a third party, Ned Ensminger, in violation of Section 509(a) of the Ordinance.

The Court of Common Pleas concluded that there is no possibility of public road access without requiring use of land in Penn Township to comply with the requirements of the Ordinance. This is not so. That portion of the land within the proposed subdivision which lies outside of Heidelberg Township's corporate limits, does have frontage on a public road, High Rock Road, a public road and consists of lots one and two. The four lots that do not have frontage along a public roadway have nothing to do with Penn Township, unlike the situation in *Baronoff*. *(See* Exhibit "A" and Exhibit "B" at RR 11a and RR 12a and Notice of Appeal from Denial of Subdivision Plan, January 5, 1987, at 5.)

Finally, by requiring frontage on a public or improved private street, Heidelberg Township is not making Brough's property useless as in *Baronoff*. Brough himself has proposed the four landlocked lots in the rear of the parcel. Where the township is not rendering the subject property useless by the application of its ordinance, it is not confiscatory. *(See Borough of Franklin Park v. Atlas Development Co.,* 91 Pa. Commonwealth Ct. 417, 497 A.2d 675 (1985)).

Accordingly, we reverse the order of the Court of Common Pleas.

## ORDER

AND NOW, this 30th day of January, 1989, the order of the Court of Common Pleas of York County, dated

September 22, 1987, at No. 87-SU-00019-08, is hereby reversed.

Judge MACPHAIL did not participate in the decision in this case.